**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

GEORGE SAMUEL GREEN, JR.,
　　　　　　*Plaintiff-Appellant,*

v.

STANLEY K. YOUNG; SYED Z. AHSAN,
Psychiatrist; DAVID JONES,
Psychologist; KIMBERLY ANN BAYS,
Mental Health Supervisor/WRSP,
　　　　　　*Defendants-Appellees.*

No. 04-7252

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, Senior District Judge.
(CA-03-722-7)

Argued: May 26, 2006

Decided: July 26, 2006

Before NIEMEYER and TRAXLER, Circuit Judges, and
Joseph R. GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

---

Motion granted by published opinion. Judge Traxler wrote the opinion, in which Judge Niemeyer and Judge Goodwin joined.

---

## COUNSEL

**ARGUED:** Joseph McMullen, Third Year Law Student, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation

Clinic, Charlottesville, Virginia, for Appellant. Richard Carson Vorhis, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees. **ON BRIEF:** Neal L. Walters, Kimberly Mattingly, Third Year Law Students, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Appellate Litigation Clinic, Charlottesville, Virginia, for Appellant. Robert F. McDonnell, Attorney General, Richmond, Virginia, for Appellee Stanley K. Young; Rosalie P. Fessier, TIMBERLAKE, SMITH, THOMAS & MOSES, P.C., Staunton, Virginia, for Appellees Syed Z. Ahsan, Psychiatrist, David Jones, Psychologist, and Kimberly Ann Bays, Mental Health Supervisor/WRSP.

---

**OPINION**

TRAXLER, Circuit Judge:

In 1996, Congress passed the Prison Litigation Reform Act (the "PLRA" or the "Act"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1995), to address concerns about the "ever-growing number of prison-condition lawsuits that were threatening to overwhelm the capacity of the federal judiciary." *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 676 (4th Cir. 2005). The PLRA imposes some rather substantial limitations on a prisoner's ability to initiate a civil action. Of particular importance to this case is the requirement that prisoners exhaust administrative remedies within the prison before filing a civil action, *see* 42 U.S.C.A. § 1997e(a) (West 2003), and the Act's "three strikes" provision, which prohibits a prisoner who has filed three previous suits that were dismissed on specified grounds from proceeding *in forma pauperis* in subsequent suits. *See* 28 U.S.C.A. § 1915(g) (West Supp. 2005). The question before us is whether a routine dismissal for failure to exhaust administrative remedies counts as a "strike" for purposes of § 1915(g). Building on our decision in *Anderson*, where we concluded that a prisoner is not required to allege in his complaint that he has exhausted his administrative remedies, we answer that question in the negative.

## I.

### A.

To accomplish its goal of reducing the number of frivolous lawsuits, the PLRA placed three major hurdles in the path of prisoners seeking to challenge the conditions of their confinement. First, the PLRA requires prisoners to exhaust all administrative remedies before bringing suit. *See* 42 U.S.C.A. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Second, the Act imposes on district courts an obligation to screen prisoner complaints promptly after filing (preferably, before the case has been docketed) and to dismiss meritless cases. *See* 28 U.S.C.A. § 1915A(a) (West Supp. 2005) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *id.* § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."). Finally, the Act imposes greater financial obligations on prisoners who turn to the courts for relief. Prior to the enactment of the PLRA, prisoners were able to use the *in forma pauperis* statute to avoid paying filing fees. *See Nagy v. FMC Butner*, 376 F.3d 252, 255-56 (4th Cir. 2004), *cert. denied*, 544 U.S. 973 (2005). The PLRA, however, requires prisoners to pay all filing fees without regard to their financial status, although they may pay the fees in installments. *See* 28 U.S.C.A. § 1915(b) (West Supp. 2005). In addition, the PLRA requires *pre-payment in full* of all filing fees if the plaintiff-prisoner has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, unless the prisoner is at imminent risk of serious physical injury. *See* 28 U.S.C.A. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

B.

George Samuel Green, a prisoner within the meaning of the PLRA, filed an action under 42 U.S.C.A. § 1983 against various Virginia prison officials, alleging that they were deliberately indifferent to his serious medical needs. The district court permitted Green to proceed without prepayment of fees, but the court later dismissed Green's complaint on the merits. Green then filed a *pro se* notice of appeal and filed with this court a motion to proceed without prepayment of fees. There is no dispute that the dismissals of two of Green's prior actions are properly counted as strikes under § 1915(g). A third PLRA action initiated by Green was dismissed on exhaustion grounds. If such a dismissal counts as a strike under § 1915(g), then Green would have three strikes and would not be entitled to pay in installments the fees associated with this appeal. Because the issue is one of first impression in this circuit, we appointed counsel for Green and placed his motion on the oral argument calendar.

II.

As noted above, 28 U.S.C.A. § 1915(g), the PLRA's three-strikes provision, requires prepayment in full of all filing fees if on at least three prior occasions the prisoner has had an action dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C.A. § 1915(g). Although § 1915(g) does not mention a dismissal for failure to exhaust administrative remedies, the Commonwealth contends that a dismissal on exhaustion grounds should be viewed as the equivalent of a dismissal on grounds of frivolousness. The Commonwealth notes that exhaustion is mandatory, *see Porter v. Nussle*, 534 U.S. 516, 524 (2002), and a critical component of the PLRA, and the Commonwealth argues that it would seriously undermine the purposes of the Act to conclude that a dismissal on exhaustion grounds is not a strike. We disagree.

Whether a dismissal for failure to exhaust administrative remedies constitutes a strike under the PLRA is, of course, a matter of statutory construction. The first step in such a task "is to determine whether the language at issue has a plain and unambiguous meaning." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). We cannot determine whether a statute has a plain and unambiguous meaning by looking at the language in isolation. Instead, we must consider "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341; *see also Salomon Forex, Inc. v. Tauber*, 8 F.3d 966, 975 (4th Cir. 1993) ("The interpretive process is . . . a holistic endeavor to derive intent from statutory language and structures."). When the PLRA is considered as a whole, we have no difficulty concluding that a routine dismissal for failure to exhaust administrative remedies does not amount to a strike.

Before the PLRA was enacted, no exhaustion requirement applied to § 1983 actions. *See Patsy v. Board of Regents*, 457 U.S. 496, 516 (1982); *Anderson*, 407 F.3d at 676. By imposing an exhaustion requirement on actions by prisoners challenging the conditions of their confinement, Congress clearly viewed exhaustion as an important part of its efforts to curb the number of frivolous lawsuits brought by prisoners. Nonetheless, when Congress enacted the PLRA, it treated the failure to exhaust as distinct from frivolousness or the failure to state a claim.

As noted above, 42 U.S.C.A. § 1997e(a) sets out the PLRA's exhaustion requirement. Just a few printed lines below the exhaustion requirement, in a different subsection, the Act provides for dismissal of any action that "is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C.A. § 1997e(c)(1) (West 2003). In addition, § 1997e(c)(2) provides that if a claim is "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C.A. § 1997e(c)(2).

Analyzing these same provisions, we concluded in *Anderson* that Congress's leaving out references to exhaustion in some but not all

of the subsections of § 1997e must be viewed as "intentional congressional omission[s]," *Anderson*, 407 F.3d at 680, such that it would be improper to read the PLRA as authorizing *sua sponte* dismissal of a claim on exhaustion grounds:

> Congress had not forgotten about the need for exhaustion, but chose not to include failure to exhaust among the grounds for which the court could dismiss sua sponte. Inasmuch as the omission of failure to exhaust from the categories explicitly permitting sua sponte dismissal is found in § 1997e, the same section of the PLRA that sets out the exhaustion requirement, the inference is inescapable that Congress did not intend to include failure to exhaust among the categories justifying sua sponte dismissal.

*Id.* (quoting *Ray v. Kertes*, 285 F.3d 287, 296 (3d Cir. 2002). In our view, the approach that we took in *Anderson* compels us to conclude that a routine dismissal on exhaustion grounds is not a strike for purposes of the PLRA.

The PLRA's three-strikes provision by its terms applies only if a prisoner has had three prior actions dismissed as "frivolous, malicious, or [for] fail[ure] to state a claim upon which relief may be granted." 28 U.S.C.A. § 1915(g). Because a dismissal for failure to exhaust is not listed in § 1915(g), it would be improper for us to read it into the statute. Congress created the exhaustion requirement in the section of the PLRA immediately preceding the three-strikes provision,[1] but Congress nonetheless declined to include a dismissal on exhaustion grounds as one of the types of dismissals that should be treated as a strike. Accordingly, we must honor Congress's deliberate omission from § 1915(g) of dismissals for failure to exhaust and conclude that a routine dismissal for failure to exhaust administrative remedies does not count as a strike under § 1915(g). *See Snider v. Melindez*,

---

[1]The PLRA is codified in scattered sections of Titles 11, 18, 28, and 42 of the United States Code; the exhaustion requirement is codified in Title 42, while the three-strikes provision is codified in Title 28. In the Act itself, however, the exhaustion requirement is found in § 803(d), and the three-strikes provision is found in § 804(d). *See* Pub. L. No. 104-134, 110 Stat. 1321-71, 1321-74.

199 F.3d 108, 112 (2d Cir. 1999) ("We do not think that Section 1915(g) was meant to impose a strike upon a prisoner who suffers a dismissal because of the prematurity of his suit but then exhausts his administrative remedies and successfully reinstitutes it.").[2]

We note, however, that our conclusion is limited to what we have referred to as "routine" dismissals for failure to exhaust—typically dismissals arising in cases where the prisoner's claims have been presented to a court for the first time. Nothing in this opinion should be understood as limiting a district court's discretion in non-routine cases, where evidence of frivolousness or malice exists beyond the mere fact that exhaustion has not been obtained. For example, if a district court dismisses a complaint on exhaustion grounds and the prisoner, without exhausting his remedies, files another complaint seeking relief for the same conduct alleged in the original complaint, the district court could conclude that the second complaint was frivolous or malicious and thus qualifies as a strike under § 1915(g). This is but one example, and there may well be other situations where the circumstances would warrant treating as a strike a dismissal of an action filed by a prisoner who did not first exhaust his administrative remedies. Routine dismissals based solely on the fact that exhaustion has not occurred, however, do not qualify as strikes under § 1915(g).

### III.

Accordingly, for the foregoing reasons, we conclude that a routine

---

[2]We recognize that other courts have held that a dismissal on exhaustion grounds is a strike under § 1915(g), some by determining that a failure to exhaust was the equivalent of a failure to state a claim. *See, e.g.*, *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210, 1213 (10th Cir. 2003) (concluding that a PLRA action that does not allege exhaustion does not state a claim and concluding without additional explanation that dismissal for failure to exhaust counts as a strike); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."). We have rejected that approach to interpreting the PLRA in *Anderson*, and, as discussed above, we believe that our analysis in *Anderson* compels the conclusion we reach today.

dismissal of a prisoner's complaint for failure to exhaust administrative remedies does not qualify as a strike for purposes of the PLRA. We therefore grant Green's motion for leave to proceed without prepayment of fees.

*MOTION GRANTED*