**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ERIC L. TOLBERT,

     *Plaintiff-Appellant,*

    v.

STEVENSON; DALRYMPLE; FRANKLIN
STEELE; NEELY; PRESTON,
Lieutenant; ROBERT LEWIS; BILLIE
J. WEAVER; HORN, Sergeant;
MULLIS, Sergeant; BENNETT;
BRYANT, C. O.,

     *Defendants-Appellees.*

No. 09-8051

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Senior District Judge.
(3:09-cv-00382-GCM)

Argued: December 7, 2010

Decided: February 14, 2011

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Reversed and remanded by published opinion. Judge Duncan
wrote the opinion, in which Judge Niemeyer and Judge King
concurred.

**COUNSEL**

**ARGUED:** Richard Donald Dietz, KILPATRICK STOCK-TON, LLP, Winston-Salem, North Carolina, for Appellant. Peter Andrew Regulski, NORTH CAROLINA DEPART-MENT OF JUSTICE, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Adam H. Charnes, KILPATRICK STOCKTON, LLP, Winston-Salem, North Carolina, for Appellant. Roy Cooper, Attorney General, State of North Carolina, Raleigh, North Carolina, for Appellees.

---

**OPINION**

DUNCAN, Circuit Judge:

This appeal requires us to interpret the "three strikes" provision of the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(g), which generally prohibits a prisoner from proceeding *in forma pauperis* ("IFP") if he has previously had three or more actions dismissed as frivolous, malicious, or for failing to state a claim. The district court denied Eric Tolbert ("Tolbert") IFP status because he had brought at least three prior lawsuits that were dismissed *in part* as frivolous or for failing to state a claim, and Tolbert appealed. Because we conclude, consistent with the view of the majority of circuits to consider the issue, that the plain language of § 1915(g) applies only to actions dismissed *entirely* as frivolous, malicious, or for failing to state a claim, we reverse.

I.

On September 1, 2009, Tolbert filed a complaint alleging that correctional officers had subjected him to excessive force and retaliated against him for filing grievances about these allegations. Although the district court allowed Tolbert to proceed without paying an initial filing fee,[1] it later revoked Tol-

---

[1] Even if permitted to proceed IFP, prisoners are not excused from eventually paying the full amount of any filing fees. Section 1915 requires that

bert's IFP status based on the PLRA's "three strikes" rule. The rule prohibits a prisoner from proceeding IFP, absent "imminent danger of serious physical injury," if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Before initiating the instant suit, Tolbert had filed at least four other lawsuits while incarcerated: *Tolbert v. Hassan*, No. 10-cv-00014 (W.D.N.C. 2010); *Tolbert v. Duda*, No. 07-ct-3088 (E.D.N.C. 2007); *Tolbert v. Lightsey*, No. 05-ct-428 (E.D.N.C. 2005); and *Tolbert v. Munns*, No. 05-ct-745 (E.D.N.C. 2005). In each of these cases, some—but not all—of Tolbert's claims were dismissed specifically as frivolous or for failing to state a claim. In *Hassan*, some of Tolbert's claims were dismissed for failure to state a claim; the remaining claims were transferred to the Middle District of North Carolina where the action is still pending. *See* No. 10-cv-00014 (dismissed in part and transferred in part Jan. 19, 2010). In *Duda* and *Munns*, some of Tolbert's claims were dismissed as frivolous and Tolbert later voluntarily dismissed his remaining claims without prejudice.[2] *See Duda*, No. 07-ct-3088 (dismissed in part Oct. 18, 2007); *id.* (voluntary dismissal approved Jan. 8, 2008); *Munns*, No. 05-ct-745 (dismissed in part Nov. 30, 2005); *id.* (voluntary dismissal approved March 27, 2006). Finally, in *Lightsey*, Tolbert's

a prisoner (1) pay an initial partial filing fee based on the funds available in the prisoner's account; and (2) make monthly payments of "20 percent of the preceding month's income credited to the prisoner's account." § 1915(b)(1)-(2). Tolbert was excused from paying an initial fee only because he had no funds in his inmate trust fund from which to assess an initial partial filing fee.

[2]The government asserts, and Tolbert does not contest, that Tolbert never refiled any of his voluntarily dismissed claims within the applicable statutes of limitations.

claims against certain defendants were dismissed upon a motion for judgment on the pleadings, while claims against other defendants were later dismissed on summary judgment. *See* 05-ct-428 (judgment on the pleadings granted July 21, 2006); *id.* (summary judgment granted Sept. 27, 2006).

On the basis of this filing history, the district court determined that Tolbert was "not entitled to proceed as a pauper with this action because he previously has had at least three actions dismissed for frivolity and/or his failure to state a claim for relief." J.A. 23. It therefore dismissed Tolbert's complaint without prejudice to his right to refile his action with payment of the proper fees. This appeal followed.

## II.

On appeal, Tolbert argues that the district court erred in classifying his prior proceedings as strikes for purposes of § 1915(g)'s three strikes provision. The government responds that the district court was correct in characterizing three of these cases as strikes.[3] In the government's view, the calculation of strikes under § 1915(g) should include "partial strikes" where some claims were dismissed on § 1915(g) grounds and no claim in the case ever reached adjudication on its merits. We review *de novo* the appropriate interpretation of § 1915(g). *See Broughman v. Carver*, 624 F.3d 670, 674 (4th Cir. 2010).

We begin by laying out in greater detail the parties' conflicting positions regarding the appropriate interpretation of § 1915(g). We then turn to an analysis of § 1915(g), first considering the provision's plain language and then addressing the government's argument that a recent Supreme Court decision renders that language ambiguous. We conclude by apply-

---

[3]The government concedes that *Hassan* should not currently count as a strike, as some claims are still pending. *See* Appellee's Br. at 22.

ing our interpretation of § 1915(g) to Tolbert's litigation history.

A.

Tolbert's proposed interpretation of § 1915(g) is straightforward: he argues that the language of § 1915(g) mandates that an entire action be dismissed as frivolous, malicious, or for failing to state a claim in order for the action to count as a strike. Accordingly, he claims that his "partial strikes"—in which some of his claims were dismissed on these grounds, but others were not—do not count as strikes under § 1915(g). He therefore urges us to find that he is eligible for IFP status in this appeal, and to reverse the district court's order dismissing his action below.

The government asserts, on the other hand, that the term "action" as used in § 1915(g) is ambiguous. To support this position, it relies on the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199 (2007). *Jones* examined the term "action" as specifically used in 42 U.S.C. § 1997e(a), a provision of the PLRA mandating that "[n]o action shall be brought" until administrative remedies are exhausted. *See* 549 U.S. at 220-22. Based on this particular statutory phrasing, the Court in *Jones* found that in § 1997e(a), the term "action" actually meant "claim." *Id.* at 220-24. As *Jones* explained, the phrase "no action shall be brought" is "boilerplate language" used throughout the Federal Code, and has never been thought to bar the meritorious portions of an action from proceeding even if some claims are barred on non-exhaustion or statute of limitations grounds. *Id.* Accordingly, *Jones* found that reading "action" as "claim" in § 1997e(a) comported with the general principle that courts should "proceed[ ] with the good [claims] and leave[ ] the bad." *Id.* at 221. The Court did not determine the meaning of "action" in other statutory contexts.

The government contends that *Jones* stands for the proposition that "action," as used throughout the PLRA, "can be a

cipher, deriving its meaning not from common usage, but from the plainly expressed intent of Congress." Appellee's Br. at 11. The government further argues that this purpose-based approach to interpreting the PLRA counsels strongly in favor of its reading of § 1915(g). Because Congress enacted the PLRA "to address concerns about the ever-growing number of prison-condition lawsuits that were threatening to overwhelm the capacity of the federal judiciary," *Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006) (internal quotations omitted), the government urges us to construe § 1915(g)'s three strikes rule in a way that places greater limits on nonmeritorious prisoner litigation. To that end, the government would require a district court tasked with determining whether a prisoner has three strikes to first identify any previous partial strikes, i.e., any prior suits dismissed at least in part on enumerated § 1915(g) grounds, and then determine whether any of the other claims in those suits eventually reached the stage of adjudication on the merits. If none did, the government proposes counting the partial strike as a § 1915(g) strike in order to dissuade prisoners from bringing suits that lack sufficient basis to reach adjudication on their merits.[4]

In other words, the government argues for a process in which a prisoner who has had a suit dismissed in part for reasons not listed in § 1915(g), but in part as frivolous, malicious, or for failing to state a claim, *might* incur a strike under § 1915(g). Whether or not the prisoner incurred a strike would depend upon whether he eventually proceeded to litigate any of the claims dismissed on non-§ 1915(g) grounds to the stage of adjudication on the merits. For example, under the government's theory, a prisoner that had his case dismissed in part for failure to state a claim and then voluntarily dismissed the remaining claims would incur a strike if he never re-filed the

---

[4]The government concedes, however, that if a prisoner has a prior action in which some claims were dismissed as frivolous, malicious, or for failing to state a claim, but other claims reached adjudication on their merits, this action should not count as a strike.

voluntarily dismissed claims within the applicable statute of limitations. Additionally, as the government clarified at oral argument, under its proposed procedure, if a prisoner's prior suit was dismissed on summary judgment, the district court evaluating strikes should review the prior case's history to determine whether summary judgment was granted because the prisoner failed to state a claim or because no genuine issue of material fact existed.

The government claims that under its reading of § 1915(g), Tolbert should be deemed to have at least three strikes. Accordingly, it asks us to deny Tolbert IFP status in this appeal and to affirm the district court's dismissal of Tolbert's suit. Alternatively, the government asserts that even if we do not find that Tolbert has three strikes, we should hold that we have discretionary authority to deny IFP status to Tolbert on the ground that he is an abusive filer.

B.

(i)

Against this background of competing contentions, we turn to the proper interpretation of 28 U.S.C. § 1915(g). Our analysis begins, as it must, with the plain language of the statute. *See Green*, 454 F.3d at 408. Section 1915(g) provides in full:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, *brought an action or appeal* in a court of the United States *that was dismissed on the grounds* that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). As the emphasized portions of the statute indicate, the section speaks of prior *actions* dismissed as frivolous, malicious, or for failure to state a claim, not prior *claims*. As we have described, however, the government would have us read § 1915(g) to include as strikes some, but not all, cases where some *claims* were dismissed on enumerated grounds. We do not find the plain language susceptible to this reading.

In referring to "an action . . . that was dismissed," § 1915(g) unambiguously ascribes to the term "action" its typical meaning of an entire case or suit. This "well-defined" meaning of "action" is grounded in the Federal Rules of Civil Procedure, which repeatedly employ the term "action" to mean an entire suit. *Turley v. Gaetz*, 625 F.3d 1005, 1008-09 (7th Cir. 2010) (examining the use of "action" in the Federal Rules of Civil Procedure to support the conclusion that "action," as used in § 1915(g), unambiguously refers to an entire suit). For example, Rule 1 of the Federal Rules of Civil Procedure states "[t]hese rules govern the procedure in all civil actions," and is followed by the declaration in Rule 2 that "[t]here is one form of action—the civil action." Rule 3 then explains that "[a] civil action is commenced by filing a complaint with the court." And Rule 54(b) recognizes that an "action" may contain several "claims" so that "any order or other decision . . . that adjudicates fewer than all the *claims* . . . does not end the *action* as to any of the *claims*." Fed. R. Civ. P. 54(b) (emphasis added). All of these rules use the term "action" to reference the overall procedure one uses to bring any number of individual claims before a court.

The language of § 1915(g) employs the term "action" in the same sense as the Federal Rules of Civil Procedure. Section 1915(g) couples the term "an action" with "an appeal" in the phrase "brought an action or appeal." By listing the two types of overarching procedures one can use to bring claims before a court, § 1915(g)'s use of "action" logically refers to an

entire suit, as opposed to any particular claim contained within a suit.

Other subsections of § 1915 also use the term "action" to mean an entire case or suit. For example, § 1915(a)(2) directs a prisoner seeking to "bring a civil action or appeal a judgment in a civil action" without payment to file certain forms. Subsection (b) of § 1915 requires a prisoner who "brings a civil action or files an appeal" IFP to eventually repay the filing fee in monthly installments. And subsection (e)(2) explains that the court "shall dismiss *the case*," notwithstanding partial payment of fees, if the "action or appeal" does not state a claim or is frivolous or malicious. § 1915(e)(2) (emphasis added). Similarly, § 1915(f)(1) uses "action" in parallel with "suit" when it refers to judgments for cost rendered "at the conclusion of the suit or action." These repeated uses of "action" to mean an entire suit throughout other subsections of § 1915 confirm that "action" as used in § 1915(g) has the same meaning. *See Nat'l Credit Union Admin. v. First Nat. Bank & Trust Co.*, 522 U.S. 479, 501 (1998) (noting "the established canon of construction that similar language contained within the same section of a statute must be accorded a consistent meaning").

Accordingly, we conclude that "action" in § 1915(g) unambiguously means an entire case or suit. Therefore, § 1915(g) requires that a prisoner's entire "action or appeal" be dismissed on enumerated grounds in order to count as a strike.[5]

---

[5]This conclusion comports with our result in *Green v. Young*, 454 F.3d 405 (4th Cir. 2006), where we applied a similar plain language reading of § 1915(g)—in spite of the government's policy arguments to the contrary—to find that a dismissal for failure to exhaust administrative remedies did not count as a strike. As we explained there, "[b]ecause a dismissal for failure to exhaust is not listed in § 1915(g), it would be improper for us to read it into the statute." *Id.* at 409; *cf. McLean v. United States*, 566 F.3d 391 (4th Cir. 2009) (refusing to treat a dismissal without prejudice for failure to state a claim as a strike because "a dismissal *without prejudice* for failure to state a claim does not fall within the plain and unambiguous meaning of § 1915(g)'s unqualified phrase 'dismissed . . . [for] fail[ure] to state a claim'" (alterations in original)). It would be similarly inappropriate to read "partial strikes" into § 1915(g).

Most circuits that have examined § 1915(g) agree with our straightforward reading. Most recently, the Seventh Circuit held that "the obvious reading of the statute is that a strike is incurred for every action dismissed *in its entirety* on one or more of the three enumerated grounds." *Turley*, 625 F.3d at 1008-09. In so holding, the court in *Turley* succinctly explained: "Section 1915(g) literally speaks in terms of prior *actions* that were dismissed as frivolous, malicious or for failure to state a claim. The statute does not employ the term 'claim' to describe the type of dismissal that will incur a strike." *Id.* at 1008. The D.C. Circuit has also adopted this position, holding that because § 1915(g) "speaks of the dismissal of 'actions and appeals,' not 'claims,'" "actions containing at least one claim falling within none of the three strike categories . . . do not count as strikes." *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 432, 440 (D.C. Cir. 2007). The Fifth and Eighth Circuits have implicitly adopted the same interpretation. *See Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 617 (5th Cir. 2008) (finding that prisoner did not incur a strike because some of his claims should have survived through the summary judgment stage); *Powells v. Minnehaha Cnty. Sheriff Dep't*, 198 F.3d 711, 713 (8th Cir. 1999) ("The reversal as to some of Powells's claims in No. 98-4160 eliminates one of the 'three strikes' that was the basis for the District Court's dismissal of the two later-filed cases."). *But see Pointer v. Wilkinson*, 502 F.3d 369, 376 (6th Cir. 2007) (holding that an action dismissed in part on § 1915(g) grounds but in part for failure to exhaust counts as a strike "at least insofar as the new suit does not simply re-file previously non-exhausted claims"). That most of our sister circuits agree with our reading reinforces our conclusion that § 1915(g)'s meaning is clear and unambiguous.

(ii)

Ordinarily, our inquiry would end with a determination that the language of the statute is unambiguous. *See Triton Marine Fuels Ltd., S.A. v. M/V PACIFIC CHUKOTKA*, 575 F.3d 409,

416-17 (4th Cir. 2009). However, the government argues that we should look beyond plain language in this case because, it contends, *Jones* established that the term "action" as used in the PLRA is necessarily ambiguous and should be given a meaning consonant with congressional purpose. We find this argument unpersuasive here.

*Jones* did not suggest that "action" as used in § 1915(g) or most other PLRA provisions is susceptible to multiple interpretations. To the contrary, as explained earlier, the Court in *Jones* departed from the plain meaning of "action" in interpreting a particular PLRA provision, 42 U.S.C. § 1997e(a). And the Court arrived at its conclusion that "action" meant "claim" in that provision only because it found that the specific phrasing of § 1997e(a)—"no action shall be brought"—was "boilerplate language" borrowed from statutes of limitations and other similar contexts, in which "action" always means "claim." 549 U.S. at 220-21. Indeed, in interpreting this anomalous use of the term "action" in § 1997e(a), the Court noted that in other places in the PLRA it is clear that "action" means an "entire action." *Id.* at 222 ("[O]ther sections of the PLRA distinguish between actions and claims. . . . demonstrat[ing] that Congress knew how to differentiate between the entire action and particular claims when it wanted to . . . .").

*Jones*'s interpretation of this separate, "boilerplate" PLRA provision does not insert ambiguity into the term "action" in § 1915(g). The government points to no reason to think that § 1915(g) contains "boilerplate language" that has traditionally employed the word "action" to mean "claim." *Cf. id.* at 220. Instead, as we have already explained, multiple subsections of § 1915 repeatedly use the word "action" in ways that reference the entire case.

We further note that even if we were to find the term "action" as used in § 1915(g) to be ambiguous, we would not find the government's interpretation to be a plausible one. The

government does not ask us simply to read "action" as "claim," as was the case in *Jones*.[6] Instead, the government's proposal would require that "action" in § 1915(g) be viewed as "part of an action where no claim therein ever reaches adjudication on its merits." We find no support in the statute or in *Jones* for such a tortured reading of § 1915(g).

(iii)

Similarly, we find the government's position to be unsupported by the policy concerns it identifies. The government fears that our interpretation of § 1915(g) "poses a real danger that inmates will purposefully 'immunize' themselves against strikes by simply including unexhausted claims or other 'curable' defects in their otherwise strike-triggering complaints." Appellee's Br. at 10. Such strategic pleading on the part of inmates, the government argues, will increase the burdens on district courts by allowing more suits to proceed IFP, contrary to the goals of the PLRA. *See Green*, 454 F.3d at 406.

While fully agreeing with the government's view that the PLRA was enacted to control the volume of prisoner lawsuits overburdening the resources of the federal courts, we are not convinced that the government's proposed reading of § 1915(g) would serve that goal. To the contrary, the government's approach would require a laborious analysis of the procedural history of every prior lawsuit pursued by a prisoner to determine the ultimate fate of each claim contained therein, including a calculation of the statute of limitations for each claim not dismissed on its merits.[7] The fact that the gov-

---

[6]Reading "action" simply as "claim" in § 1915(g) would include as strikes those actions that were dismissed in part under § 1915(g) but were otherwise allowed to proceed to their merits. As noted *supra* note 4, the government has already conceded that this interpretation would be problematic.

[7]We also find problematic the government's argument that even an action dismissed on summary judgment can be considered dismissed "for

ernment's proposal actually has the potential to increase district courts' burdens calls its policy justifications into question.

In any event, the government's policy concerns can be addressed in ways that do not compel a byzantine construction of a statutory term that appears plain on its face. District courts have some redress against prisoners immunizing themselves from strikes by tacking on claims containing curable defects. As we have explained, a court can dismiss even a non-exhausted claim on § 1915(g) grounds in those cases "where evidence of frivolousness or malice exists beyond the mere fact that exhaustion has not been obtained."[8] *Green*, 454 F.3d at 409; *cf. Jones*, 549 U.S. at 216 (noting that failure to exhaust can be a basis for dismissal for failure to state a claim).

Furthermore, the government itself has identified a possible remedy for prisoner abuse of IFP status. It has argued, and the D.C. Circuit has previously held, that courts have "discretionary authority to deny IFP status to prisoners who have abused the privilege" even when three strikes are not present. *Butler v. Dep't of Justice*, 492 F.3d 440, 444 (D.C. Cir. 2007). In fact, the government has asked us to exercise this authority to

---

failure to state a claim," so long as the district court's relevant order and the record demonstrate that the court granted summary judgment because the plaintiff had not made adequate allegations, rather than because the defendant had demonstrated the absence of any genuine issues of material fact. To require district courts to so parse summary judgment orders and their supporting documents would even further increase their workload, again straying far afield of the purpose of the PLRA.

[8]This authority originates in 42 U.S.C. § 1997e(c)(2), which provides:

In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

deny Tolbert IFP status even if we find he does not have three strikes.

The district court has not yet been called upon to exercise its discretionary authority as an alternative ground for denying Tolbert IFP status, and we decline to consider such a request in the first instance. *Cf. Bostick v. Stevenson*, 589 F.3d 160, 165 (4th Cir. 2009). Accordingly, we need not decide at this juncture whether such discretionary authority exists. Assuming, however, without deciding that courts have this authority, it further undermines the government's argument that § 1915(g)'s plain language must be ignored in order to prevent prisoner abuse of the IFP privilege.

For the foregoing reasons, we decline to adopt the government's position that partial strikes count as strikes under § 1915(g) so long as no claim contained therein ever reaches adjudication on its merits. Section 1915(g)'s command is unambiguous: absent threat of serious injury, a prisoner loses the right to proceed IFP if he has brought three or more *actions* that were dismissed entirely as frivolous, malicious, or for failure to state a claim.

## C.

It remains to be determined whether, under our interpretation of § 1915(g), Tolbert has incurred three strikes. We conclude that none of the three suits relied on by the government counts as such.

In *Duda* and *Munns*, the district court dismissed some of Tolbert's claims as frivolous and Tolbert later voluntarily dismissed the remainder of his claims without prejudice. Because a voluntary dismissal is not one of the grounds listed in § 1915(g), these actions do not count as strikes.

In *Lightsey*, Tolbert's claims against certain defendants

were dismissed upon a motion for judgment on the pleadings,[9] while claims against other defendants were later dismissed on summary judgment. The government argues that although certain defendants chose to bring a motion for summary judgment rather than a motion to dismiss, the district court's grant of summary judgment equates to a dismissal for failure to state a claim. But a grant of summary judgment to defendants also is not one of the grounds listed in § 1915(g), and therefore *Lightsey* also does not count as a strike. *See Richardson v. Ray*, 2010 WL 4706009, at *1 (4th Cir. Nov. 22, 2010) (per curiam) (unpublished disposition) (finding that dismissal of an action on summary judgment did not count as a strike).

Because none of these actions counts as a strike under § 1915(g), we find that the district court erred in denying Tolbert the right to proceed IFP in this suit on the ground that he had three strikes. We therefore grant him IFP status for purposes of this appeal and reverse the district court's order dismissing his case. We do not, however, determine Tolbert's eligibility for IFP status upon remand, as the question of whether Tolbert might be precluded from proceeding IFP on other grounds remains open.

### III.

The holding of the district court is reversed and this case is remanded for further proceedings consistent with this opinion.

*REVERSED AND REMANDED*

---

[9]As Tolbert's counsel acknowledged at oral argument, the standards for judgment on the pleadings are identical to the standards for a motion to dismiss. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, if a prisoner's case were dismissed, in its entirety, upon a motion for judgment on the pleadings for failure to state a claim, this too would constitute a strike against the prisoner, as failure to state a claim is an enumerated § 1915(g) ground. But such is not the case here.