NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 7, 2012[*]
Decided November 7, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 11-3476

| | |
|---|---|
| ALLEN E. VAUGHN, JR., | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:11-cv- 0979-JMS-TAB |
| INDIANA DEP'T OF CORR., et al., | |
| *Defendants-Appellees.* | Jane Magnus-Stinson, *Judge.* |

**O R D E R**

Allen Vaughn, an Indiana prisoner, appeals the dismissal of his civil rights complaint under the "three-strikes" provision of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g). Because Vaughn has not incurred three qualifying strikes, we vacate the court's judgment and remand for further proceedings.

---

[*]The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Therefore the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Vaughn sued the Indiana Department of Correction under 42 U.S.C. § 1983, alleging that he had been denied confidential legal correspondence and adequate access to the law library. He moved at that time to proceed in forma pauperis (IFP). The district court denied Vaughn's request for IFP, citing four "strikes" Vaughn had supposedly incurred during two other proceedings and warning him that his failure to pay the full filing fee could lead to dismissal of this action for failure to prosecute.

Vaughn then moved the court to reconsider, arguing that he had not incurred three strikes because the court had cited only two "prior occasions" in which he had brought inappropriate actions. The court denied the motion and reiterated that Vaughn had accumulated "two strikes in each of the two cases" cited in its original order.

Vaughn again sought reconsideration, reiterating that he had not struck out and also challenging the three-strike rule as unconstitutional. The court denied this motion as meritless, reaffirmed that Vaughn had struck out, and dismissed the action without prejudice for failure to pay the filing fee.

On appeal Vaughn maintains that he has not in fact filed three prior actions that have been dismissed under circumstances described in § 1915(a)(3) and thus has not accumulated three strikes under the PLRA. Vaughn does not dispute incurring one strike for the dismissal at screening, *see* 28 U.S.C. § 1915A(b)(1), of his complaint in *Vaughn v. James*, No. 1:11-cv-0217-WTL-DML (S.D. Ind. May 3, 2011), but he does contest the three strikes supposedly incurred in two other proceedings in which the district court certified that his appeals had not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Vaughn's position is correct. Section 1915(g) prohibits a prisoner from filing a civil action IFP if he has "on three or more occasions . . . brought an *action* or appeal . . . that was *dismissed* on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g) (emphasis added). Because the statute literally speaks in terms of prior *actions*—as opposed to claims—to describe the type of dismissal that will incur a strike, we have concluded that "a strike is incurred under § 1915(g) when an inmate's case is dismissed *in its entirety* based on the grounds listed in § 1915(g)." *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010). *See Tolbert v. Stevenson*, 635 F.3d 646, 651–52 (4th Cir. 2011) ("'action' in § 1915(g) unambiguously means an entire case or suit"; citing cases); *but see Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (upholding a strike for complaint that was dismissed in part for failure to exhaust administrative remedies and in part for failing to state a claim); *Thomas v. Parker*, 672 F.3d 1182, 1184 (10th Cir. 2012) (same). Though Vaughn did properly incur a strike in *Vaughn v. James*, No. 1:11-cv-0217-WTL-DML (S.D. Ind. May 3, 2011), the other orders on which the district court relied—all bad-faith certificates under § 1915(a)(3)—should not have counted as strikes because they did not

dismiss the actions in their entirety. *Vaughn v. James*, No. 1:11-cv-0217-WTL-DML (S.D. Ind. June 22, 2011); *Vaughn v. Marion County*, No. 1:06-cv-1783-LJM-JMS (S.D. Ind. July 6, 2007); *Vaughn v. Marion County*, No. 1:06-cv-1783-LJM-JMS (S.D. Ind. Sept. 25, 2007). Our own search, moreover, has not uncovered any other lawsuit in which Vaughn incurred a strike. We therefore conclude that Vaughn has not incurred three strikes under § 1915(g) and remains eligible for IFP status.

On remand, the district court need not reconsider its rejection of Vaughn's challenge to the constitutionality of the PLRA. As the court noted, such challenges have been uniformly rejected whether based on access-to-the-courts theories, *see, e.g., Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 530–31 (7th Cir. 2002); *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997); *Lyon v. Krol*, 127 F.3d 763, 765 (8th Cir. 1997); *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999); *Rivera v, Allin*, 144 F.3d 719, 723–24 (11th Cir. 1998), or the separation-of-powers doctrine. *See Rodriguez*, 169 F.3d at 1182; *Rivera*, 144 F.3d at 725.

Accordingly, the judgment is VACATED, and the case is REMANDED for further proceedings.