DUNCAN, Circuit Judge,
concurring in the judgment:
I respectfully concur in the judgment of the majority, which denies in forma pau-peris (“IFP”) status to a litigant with a history of abusive filings, although I cannot endorse its reasoning. Like the dissent, I believe that a summary-judgment disposition cannot constitute a strike under 28 U.S.C. § 1915(g). I must part company with the dissent, however, due to its surprising assertion that the Prison Litigation Reform Act of 1995 (“PLRA”) sub silentio limits both district courts’ preexisting statutory discretion under § 1915(a) and the inherent authority of district courts to handle their caseload.'
Turning first to the majority’s view, I commend its attempt to formulate a bright-line rule for determining when summary judgment qualifies as a dismissal under the PLRA. Unfortunately, this approach may lead to curious results and further confusion. According to the majority, a grant of summary judgment on the ground that a suit is “frivolous” would count as a strike, but the same ruling on the ground that the action is “patently meritless” would not. And, it is not clear how the majority would treat a grant of summary judgment noting that the disposition “counts as a strike under § 1915(g)” but without listing the specific ground for the strike. I would respectfully suggest that engaging in such hairsplitting is less desirable than relying on the bright line actually established by the statute: limiting strikes to actions that are in fact dismissed. As the dissent persuasively points out in its first part, the term “dismissed” is far from the amorphous concept that the majority suggests. Rather, dismissal is a *624 term of art with a specific legal provenance.
This hairsplitting is all the more puzzling because, as the judges who join Judge Wilkinson’s concurrence implicitly recognize, it is unnecessary. Questions about the IFP status of an abusive prisoner-litigant can be decided more narrowly and cleanly, and therefore should be so decided. A review of past summary judgment orders in search of the majority’s magic words is surely an unnecessary exercise on behalf of a prisoner-litigant who has abused the privilege of IFP status to the extent that Mr. Blakely has. Courts can address this type of case by exercising their authority under § 1915(a) without straining the meaning of the term “dismiss” in § 1915(g). The PLRA, after all, was intended to constrain litigants, not courts.
For this reason, I must take issue with the dissent’s view of courts’ discretionary authority under § 1915. Its discussion about the specific language of the PLRA governing the general, preexisting language of § 1915(a)(1) is as irrefutable as it is irrelevant — § 1915(a) and § 1915(g) in no way conflict. One is a grant of discretion to courts and the other is a limitation on prisoners’ ability to proceed IFP. The explicit terms of the PLRA that became § 1915(g), which the dissent cites approvingly, apply only to prisoners who have accrued three strikes. Nowhere does the PLRA curtail courts’ preexisting discretionary authority.* Furthermore, Tolbert v. Stevenson, 635 F.3d 646 (4th Cir.2011), on which the dissent relies, suggests reading § 1915(a)(1) and § 1915(g) as complementary provisions, although it did not decide whether a discretionary denial of IFP status was appropriate in that case. Id. at 654. That opinion notes that the presence of discretionary authority as an alternative ground for denying IFP status removes the need for an expansive interpretation of the term “dismissed.” Id.
As the separate concurrence recognizes, there is a compelling alternative route to the majority’s result. Thus, a broad interpretation of “dismissed” pushes the statutory language further than Congress intended for no discernible reason. I therefore concur in the majority’s decision to deny Mr. Blakely IFP status, but would do so based on discretionary authority.

 Before the PLRA was enacted, the Fourth Circuit acknowledged that courts had the discretion under § 1915(a) to deny a litigant IFP status. See Graham v. Riddle, 554 F.2d 133, 134-35 (4th Cir.1977).