**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-6116**

───────────

CHARLES M. CASSELL, III,

        Plaintiff – Appellant,

    v.

DAWKINS; QUEEN, Officer; JOHN DOES, Shift Sergeants on Red
Unit Lock Up,

        Defendants - Appellees.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville. Robert J. Conrad,
Jr., District Judge. (5:10-cv-00191-RJC)

───────────

Submitted: January 27, 2015      Decided: February 5, 2015

───────────

Before NIEMEYER and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

Charles M. Cassell, III, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Cassell appeals from the district court's order dismissing this action pursuant to 28 U.S.C. § 1915(g) (2012). One of the cases identified by the district court as qualifying as a "strike" under § 1915(g) was Cassell v. Grant, No. 2:04-cv-348 (S.D. Oh. May 3, 2004). Subsequent to entry of the district court's order, we held that, for a dismissal to qualify as a "strike" under § 1915(g), the entire action must be dismissed as frivolous or malicious or for failure to state a claim. Tolbert v. Stevenson, 635 F.3d 646 (4th Cir. 2011). Grant was dismissed partly on statute of limitations grounds and partly for failure to state a claim. Under Tolbert, Grant does not qualify as a strike. Accordingly, we vacate the judgment of the district court and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.[*]

VACATED AND REMANDED

---

[*] On May 20, 2011, we entered an order identifying Cassell as a three-striker and ordering him to pay the filing fee in this appeal. Cassell moved for reconsideration, and we denied the motion on July 26, 2011. Subsequently, we discovered that we had improperly designated Cassell as a three-striker. We then granted Cassell's motion to reopen this appeal and to proceed under the PLRA without prepayment of fees.