**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-1627**

─────────────

MAURICE HAWKINS,

        Plaintiff - Appellant,

    v.

GRTC OF RICHMOND, VIRGINIA,

        Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:24-cv-00347-MHL-MRC)

─────────────

Submitted:  November 19, 2024              Decided:  November 21, 2024

─────────────

Before QUATTLEBAUM, RUSHING, and BENJAMIN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Logan Leete Page, WILKINSON STEKLOFF LLP, Washington, D.C., for Appellant.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Hawkins, a Virginia inmate, appeals the district court's order dismissing his civil action without prejudice after concluding that Hawkins, who had not paid the filing fee, was a three-striker who did not qualify to proceed in forma pauperis.[*]  On appeal, Hawkins contends that one of the strikes identified by the district court—*Hawkins v. Johnson,* No. 7:04-cv-00360-GEC-MFU (W.D. Va. filed July 12, 2004 & entered July 13, 2004)—should not have counted as a strike because it involved a mixed decision.  We affirm.

Under the Prison Litigation Reform Act, a prisoner who has accrued three or more strikes—actions or appeals dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted—may not proceed without prepayment of fees unless he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  To count as a strike, the entire action must be dismissed on one or more of these enumerated grounds.  *Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011).

In *Hawkins v. Johnson*, Hawkins alleged an Eighth Amendment violation and a Fourteenth Amendment violation.  He also attached to his complaint a prison grievance in which he complained of negligence.  The district court dismissed the constitutional claims for failure to state a claim.  Regarding the grievance, the court observed that negligence is a state law tort that is not cognizable in a 42 U.S.C. § 1983 action.  The court then explained: "This court could exercise supplemental jurisdiction over a state tort claim if

---

[*] Hawkins has paid the appellate filing fee.

there were a valid federal claim presented as well. *See* 28 U.S.C. § 1367(a). However, because there are no valid federal claims, this court cannot entertain a complaint based solely on a state tort claim."

Hawkins maintains that he asserted a negligence claim over which the district court declined to exercise supplemental jurisdiction. We disagree. First, a review of the district court's opinion makes clear that the court construed Hawkins's complaint as alleging only the two constitutional claims. Moreover, the court expressly stated, both in its opinion and the accompanying order, that the entire action was dismissed for failure to state a claim, thus belying Hawkins's argument that the court rendered a mixed decision. Finally, even if the court thought that Hawkins intended to raise a negligence claim, the court stated that it lacked discretion to consider it. Thus, contrary to Hawkins's assertion, the court did not merely decline to exercise supplemental jurisdiction.

Because the district court dismissed the entirety of *Hawkins v. Johnson* for failure to state a claim, we reject Hawkins's challenge to his three-striker designation. Accordingly, we affirm the district court's order. *Hawkins v. GRTC of Richmond*, No. 3:24-cv-00347-MHL-MRC (E.D. Va. June 4, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*