**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7883**

LONNIE EARL EVERETT,

             Plaintiff - Appellant,

      v.

MAJOR WHALEY; CONRAD KIRBY; SHELIA KING; NURSE BEVERLY,

             Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.    Terrence W. Boyle,
District Judge.  (5:12-ct-03066-BO)

Submitted:  December 28, 2012        Decided:  January 14, 2013

Before NIEMEYER and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Lonnie Earl Everett, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Earl Everett appeals the district court's order dismissing his 42 U.S.C. § 1983 (2006) complaint. Because the district court incorrectly determined that Everett has three qualifying strikes under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) (2006), we vacate the order of dismissal and remand.

In concluding that Everett has three strikes under the PLRA at the time he filed the subject complaint, the district court relied on Everett's two previous § 1983 actions, Everett v. Sydnoski, No. 5:06-ct-03037-FL (E.D.N.C. Sept. 28, 2006); and Everett v. Wilkerson, No. 5:04-ct-00569-H (E.D.N.C. Oct. 19, 2004), and an appeal to this Court, Everett v. Wilkerson, 127 F. App'x 670 (4th Cir. 2005) (No. 04-7933). We conclude that the district court erred in finding that Sydnoski, No. 5:06-ct-03037-FL, and Wilkerson, 127 F. App'x 670, properly qualify as strikes.*

In Sydnoski, No. 5:06-ct-03037-FL, Everett raised Eighth Amendment claims against numerous prison personnel. After conducting a frivolity review, the district court

---

* Additionally, a search of our docket and the dockets for the Western, Middle, and Eastern districts of North Carolina does not reveal any additional actions or appeals that properly qualify as strikes against Everett.

2

dismissed Everett's claims against the named defendants based on res judicata and directed that Everett particularize his allegation of improper medical care and his claims against the remaining unnamed defendant. When Everett failed to respond, the district court dismissed his remaining claims.

Accordingly, because the district court's dismissal did not turn on an explicit determination that Everett's entire action failed to state a claim or was otherwise frivolous or malicious, it does not qualify as a strike. Tolbert v. Stevenson, 635 F.3d 646, 651 (4th Cir. 2011); see Butler v. DOJ, 492 F.3d 440, 443-45 (D.C. Cir. 2007) (holding that, although operating as a decision on the merits, a dismissal for failure to prosecute does not necessarily qualify as a strike because it is not a decision based on the merits, maliciousness, or frivolity of an action).

Similarly, in Wilkerson, 127 F. App'x 670, we simply affirmed the dismissal of Everett's complaint as time-barred. Because we made no independent determination that Everett's appeal was malicious or frivolous, the district court erred in counting this court's disposition as a separate strike. See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999) (affirmance on appeal of dismissal that qualifies as a strike counts only as one strike); see also Thompson v. DEA, 492 F.3d 428, 433 (D.C. Cir. 2007) (same).

3

Because we need not reach the issue, we decline to consider whether the dismissal of Everett's complaint in Wilkerson, No. 5:04-ct-00569-H, properly qualifies as a strike. Instead, the district court may reexamine whether the dismissal so qualifies should it be necessary to again consider Everett's PLRA status in a subsequent proceeding.

Accordingly, we vacate the order of dismissal and remand for proceedings consistent with this opinion. We deny Everett's motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED