Motion for reconsideration denied by published opinion. Judge WYNN wrote the majority opinion, in which Judges WILKINSON, NIEMEYER, SHEDD, AGEE, KEENAN, DIAZ, and FLOYD joined. Judge WILKINSON wrote a separate concurring opinion, in which Judges NIEMEYER, KEENAN, and DIAZ joined. Judge DUNCAN wrote a separate opinion concurring in the judgment. Judge MOTZ wrote a dissenting opinion, in which Judges KING, DAVIS, and THACKER joined, and in which Judge GREGORY joined as to Part I. Judge GREGORY wrote a separate dissenting opinion.

ON REHEARING EN BANC

WYNN, Circuit Judge:
With the Prisoner Litigation Reform Act (“PLRA”), Congress sought to reduce the number of frivolous lawsuits flooding the federal courts. Congress did so in part by enacting 28 U.S.C. § 1915(g), a “three-strikes” statute providing that if a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed in forma pauperis but rather must pay up-front all filing fees for his subsequent suits.
*610 Plaintiff James G. Blakely challenges this Court’s denial of his attempt to proceed in forma pauperis on appeal. He contends that his prior actions dismissed as “frivolous, malicious, or failing] to state a claim” cannot count as strikes under Section 1915(g) because these dismissals occurred at summary judgment. But neither the statute itself nor precedent supports Blakely’s contention. Rather, the fact that an action was dismissed as frivolous, malicious, or failing to state a claim, and not the case’s procedural posture at dismissal, determines whether the dismissal constitutes a strike under Section 1915(g). Because Blakely has had more than three prior cases dismissed expressly as frivolous, malicious, or failing to state a claim, we deny his motion for reconsideration.
I.
Blakely, a prisoner in a South Carolina correctional institution, has pursued numerous lawsuits in federal and state courts, including multiple appeals in this Court. In 2010, Blakely filed the underlying Section 1983 action against Defendants, including South Carolina officials such as counsel for the Department of Corrections and “Lee Correctional Institution” employees such as the facility’s librarian and chaplain. Blakely alleged various constitutional rights violations.
Defendants removed the case from state court to federal court. A magistrate judge issued a Report and Recommendation deeming Blakely’s claims meritless. The district court agreed, granted summary judgment in Defendants’ favor, and dismissed the case. Blakely appealed to this Court.
To avoid having to pay the necessary appellate filing fees up front, Blakely sought to proceed in forma pauperis. This Court initially denied Blakely’s application to proceed in forma pauperis. After Blakely moved for reconsideration, this Court assigned Blakely counsel and directed the parties to brief whether certain previously-dismissed suits constitute strikes under the PLRA such that Blakely is barred from proceeding in forma pau-peris on appeal. The merits of the underlying summary judgment are, therefore, not currently before us. Rather, we consider only whether Blakely should be allowed to proceed in forma pauperis on appeal.[1]
II.
A.
Several of Blakely’s previously-dismissed suits were terminated at summary judgment. Blakely contends that such summary judgment dismissals, as a matter of law, cannot constitute strikes under 28 U.S.C. § 1915(g). We review this question of law de novo. Tolbert v. Stevenson, 635 F.3d 646, 649 (4th Cir.2011).
The section of the PLRA at issue here, known as the three-strikes provision, states:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this [in for-ma pauperis] section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
*611 28 U.S.C. § 1915(g) (emphasis added). In other words, if a prisoner has had three prior cases dismissed as frivolous, malicious, or failing to state a claim for which relief may be granted, the prisoner generally must pay up-front all filing fees for his subsequent suits.
Here, Blakely has had more than three prior cases terminated at summary judgment expressly as frivolous, malicious, or failing to state a claim. At the heart of this appeal is the meaning of the word “dismiss” and whether a summary judgment disposing of an action as frivolous, malicious, or failing to state a claim “dismisses” the action such that it constitutes a strike under Section 1915(g).
To interpret statutory language such as Section 1915(g)’s “dismissed,” we begin our analysis with the plain language. Salomon Forex, Inc. v. Tauber, 8 F.3d 966, 975 (4th Cir.1993). “In arriving at the plain meaning, we ... assume that the legislature used words that meant what it intended; that all words had a purpose and were meant to be read consistently; and that the statute’s true meaning provides a rational response to the relevant situation.” Id.
In beginning with the language itself, “[w]e customarily turn to dictionaries for help in determining whether a word in a statute has a plain or common meaning.” Nat'l Coal. for Students with Disabilities Educ. & Legal Def. Fund v. Allen, 152 F.3d 283, 289 (4th Cir.1998). Doing so here reveals that “dismiss” means “to terminate (an action or claim) without further hearing, esp. before the trial of the issues involved.” Black’s Law Dictionary 482 (7th ed.1999). See also, e.g., The American Heritage Dictionary 520 (4th ed.2009) (“To put (a claim or action) out of court without further hearing.”).
Summary judgments can do precisely that: They can terminate cases without a trial. See Black’s Law Dictionary 1573 (9th ed.2009) (“A judgment granted on a claim or defense about which there is no genuine issue of material fact and upon which the movant is entitled to prevail as a matter of law.... This procedural device allows for the speedy disposition of a controversy without the need for trial.”). As this Court has noted, the purpose of “[s]ummary judgment is to avoid a useless trial. It is a device to make possible the prompt disposition of controversies ... if in essence there is no real dispute as to the salient facts.” Bland v. Norfolk & S. R.R. Co., 406 F.2d 863, 866 (4th Cir.1969).
Not surprisingly, then, courts — including the Supreme Court, this Court, and the D.C. Circuit — routinely call summary judgments terminating actions dismissals. See, e.g., Bell v. Thompson, 545 U.S. 794, 798, 125 S.Ct. 2825, 162 L.Ed.2d 693 (2005) (characterizing summary judgment as having “dismissed the habeas petition”); Union Labor Life Ins. Co. v. Pireno, 458 U.S. 119, 124, 102 S.Ct. 3002, 73 L.Ed.2d 647 (1982) (stating that “the District Court granted petitioners’ motion for summary judgment dismissing respondent’s complaint”); Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464, 465, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962) (referring to summary judgment as “summary judgment of dismissal”); Tolbert, 635 F.3d at 654 (noting that “claims against certain defendants were dismissed upon a motion for judgment on the pleadings, while claims against other defendants were later dismissed on summary judgment”); Thompson v. Drug Enforcement Admin., 492 F.3d 428, 438 (D.C.Cir.2007) (characterizing summary judgment as a “procedural mechanism” through which a “court dismisses the complaint”).
Even Blakely refers to the summary judgments at issue here as dismissals. In *612 his appellate brief, Blakely argues, for example, that his “prior cases that were dismissed on summary judgment are not strikes” and that “a case dismissed on summary judgment is not a strike.... ” Appellant’s Br. at i.
There is some argument, particularly in the legal academy; that summary judgments should not be called dismissals. See, e.g., Bradley Scott Shannon, A Summary Judgment Is Not a Dismissal!, 56 Drake L.Rev. 1 (2007). But nothing before us indicates that Congress had any such distinction in mind when it drafted Section 1915(g).
Beyond the word “dismiss,” looking at Section 1915 as a whole convinces us that Congress did not seek to curtail courts’ authority to dispose of frivolous, malicious, or failed claims at summary judgment by using the word “dismiss.” As the D.C. Circuit noted in Thompson, the word “dismiss” in Section 1915(g) is “most plausibly understood as a reference to section 1915(e)(2), which requires the court to ‘dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous or malicious; [or] fails to state a claim on which relief may be granted.’ 28 U.S.C. § 1915(e)(2).” 492 F.3d at 436 (emphasis altered). Logically, if a court must dismiss such a case at any time, it may do so at any procedural posture, including summary judgment.
Further, per Section 1915(a) — a general provision predating the PLRA — a court “may authorize,” i.e., has the discretion to allow, the commencement of a suit without prepayment of fees. 28 U.S.C. § 1915(a) (“[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor....”). We agree with the D.C. Circuit that “our authority to deny IFP status to a prisoner who has abused the privilege is clear....” Butler v. Dep’t of Justice, 492 F.3d 440, 445 (D.C.Cir.2007) (noting that the Supreme Court went “so far as to say that courts have ‘a duty to deny in forma pauperis status to those individuals who have abused the system’ ” in In re Sindram, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991) (per curiam)). Thus, under Section 1915(a), Congress vested in courts the authority to decide whether to grant in forma pauperis status.[2]
By contrast, Section 1915(g) in no way speaks to courts’ authority, and certainly does not limit it. Instead, Section 1915(g) limits prisoners’ authority-their authority to proceed in forma pauperis after having three prior suits dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g). Thus, Section 1915(g) is a limitation on prisoners’ rights, not on courts’ authority. Viewing Section 1915(g) as a whole with Section 1915(a) and Section 1915(e)(2), we cannot escape the conclusion that by using the word “dismiss” in Section 1915(g), Congress did not limit courts’ ability to dismiss suits at summary judgment for frivolousness, maliciousness, or failure to state a claim.
Our understanding of “dismiss” dovetails seamlessly with the legislative intent underpinning the PLRA. “The impetus behind the enactment of the PLRA was a concern about the ‘endless flood of frivolous litigation’ brought by inmates.” McLean v. United States, 566 F.3d 391, 397 (4th Cir.2009) (quoting 141 Cong. Rec. S14, 418 (1995)). “To accomplish its goal of reducing the number of frivolous lawsuits,” Congress imposed on prisoners, among other hurdles, the three-strikes lim *613 itation to proceeding in forma pauperis. Green v. Young, 454 F.3d 405, 406-07 (4th Cir.2006). It would subvert the PLRA’s very purpose to prevent cases dismissed on summary judgment from counting as strikes even when those cases were expressly deemed frivolous, malicious, or failing to state a claim. And this we must avoid. See De Osorio v. INS, 10 F.3d 1034, 1043 (4th Cir.1993) (stating “ ‘the overriding duty of a court is to give effect to the intent of the legislature’ ”).
Therefore, in keeping with Section 1915(g)’s plain language, we hold that a summary judgment dismissal stating on its face that the dismissed action was frivolous, malicious, or failed to state a claim counts as a strike for purposes of the PLRA’s three-strikes provision.[3]
B.
Blakely nevertheless asserts that in Tolbert, 635 F.3d 646, “this Circuit” established “a bright-line rule that a case dismissed on summary judgment is not a strike under § 1915(g).” Appellant’s Br. at 19. We do not agree.[4]
In Tolbert, this Court considered whether the three-strikes provision applies only to actions dismissed in their entirety as frivolous, malicious, or failing to state a claim, or whether it also applies to actions in which some, but not all, claims were dismissed on those grounds. 635 F.3d at 647. We held that “ § 1915(g) requires that a prisoner’s entire ‘action or appeal’ be dismissed on enumerated grounds in order to count as a strike.” Id. at 651. Because Blakely does not contend that his cases were dismissed only in part on the enumerated grounds, Tolbert’s main holding is not on point.
Tolbert did not present this Court with the question now before us-that is, whether a summary judgment dismissal expressly stating that the underlying suit “is frivolous, malicious, or fails to state a claim” can constitute a strike under Section 1915(g). As Blakely notes, the Court in Tolbert did state that “a grant of summary judgment to defendants also is not one of the grounds listed in § 1915(g), and therefore Lightsey also does not count as a strike.” Id. at 654. However, the Light-sey summary judgment at issue in Tolbert did not expressly state that the suit was frivolous, malicious, or failed to state a *614 claim. Brief of Defendants-Appellees at ADD69-ADD71, Tolbert, 635 F.3d 646 (No. 09-8051). Crucially, dismissed suits count as strikes only when “dismissed on the grounds that [they are] frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted.... ” 28 U.S.C. § 1915(g). It follows, then, that the Light-sey summary judgment could not have counted as a strike. Indeed, most summary judgment dismissals likely would not qualify as Section 1915(g) strikes because, at that point, frivolousness, maliciousness, and failure to state a claim are not typically addressed.
Further, by the time the Court reached the Lightsey summary judgment in Tol-bert, the Court had already held that the other two dismissals at issue did not count as strikes. 635 F.3d at 654. Accordingly, the Court’s statement about the Lightsey summary judgment was irrelevant to the outcome of the Tolbert three strikes analysis, i.e., it was mere dictum. Id. at 654-55. Moreover, even if the statement were not inapposite dictum but instead an on-point holding (it is not), we would have the authority to overrule it sitting en banc here. See, e.g., McMellon v. United States, 387 F.3d 329, 333 (4th Cir.2004) (en banc) (noting that published panel opinions may be “overruled by an intervening opinion from this court sitting en banc or the Supreme Court”).
Blakely also looks to Richardson v. Ray, 402 Fed.Appx. 775 (4th Cir.2010) (unpublished), which this Court cited in Tolbert, to support his argument that a summary judgment cannot constitute a strike. In Richardson, this Court noted that:
[Examination of the district court’s order in Richardson v. Grizzard ... and the subsequent appeal ... reveals that the action was dismissed on summary judgment and that the appeal was dismissed for being without merit. Because neither the action nor the appeal was dismissed as frivolous, malicious, or for failure to state a claim, neither should’ have counted as a qualifying strike.
Id. at 776 (emphasis added). Significantly, the Court made clear with the word “because” that the reason the summary judgment dismissal did not constitute a strike was not its procedural posture but rather its failure to ring the PLRA bells of frivolous, malicious, or failure to state a claim. Id.
Blakely also draws our attention to Everett v. Whaley, 504 Fed.Appx. 245 (4th Cir.2013) (unpublished). ' In Everett, we held that this Court’s affirmance of a lower court’s dismissal did not qualify as a strike. Id. Notably, we so held not because an affirmance per se cannot constitute a dismissal, but because the affirmance did not turn on an explicit determination that “the appeal was malicious or frivolous.” Id. at 246. In other words, we looked to the contents of the disposition and not merely to the procedural posture. Id. Everett is thus consistent with, and indeed supports, our holding here.
Blakely attempts to raise the specter of a circuit. split, claiming that allowing a summary judgment dismissal of an expressly frivolous or malicious action would conflict with the D.C. Circuit’s decision in Thompson, the Third Circuit’s decision in Byrd v. Shannon, 715 F.3d 117 (3d Cir.2013), and the Sixth Circuit’s decision in Taylor v. First Med. Mgmt., 508 Fed.Appx. 488 (6th Cir.2012). But contrary to Blakely’s assertion, those cases bolster, rather than conflict with, our resolution of this case.
The D.C. Circuit did not hold in Thompson that summary judgment dismissals cannot qualify as strikes even when they expressly state that the dismissed suit was frivolous, malicious, or failed to state a claim. Quite the opposite: The Court clarified that what matters for three-strikes *615 purposes is not what a court calls a disposition, but instead whether that disposition states on its face that the disposed-of action met one of the three criteria for a strike. Thompson, 492 F.3d at 436. The court noted:
To be sure, we can easily imagine a case in which an appellate court expressly states that an appeal was frivolous but erroneously styles its disposition as an affirmance rather than as a dismissal. In such a case, we expect that the reviewing court would regard the earlier disposition as a constructive dismissal under section 1915(e)(2) and, therefore, as a strike .... Appellate affirmances [thus] do not count as strikes unless the court expressly states that the appeal itself was frivolous, malicious or failed to state a claim.
Thompson, 492 F.3d at 436, 440 (emphasis added).
Similarly, in Taylor, the Sixth Circuit put the focus on a disposition’s contents, and not its procedural posture. The Sixth Circuit noted that an affirmance does not constitute a strike “when the original appellate court declined to implicate § 1915(g) reasons[,]” necessarily implying that an affirmance is not per se a non-strike because it is not, strictly speaking, a dismissal. Taylor, 508 Fed.Appx. at 494. The court held that an appellate decision “affirming] the district court’s denial of the motion for a new trial” did not count as a strike because the “language of the opinion does not indicate that the court found the appeal to be frivolous.” Id. (emphasis added).
The Third Circuit’s Byrd decision, too, accords fully with our holding here by focusing not on the procedural posture at dismissal but rather on whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim. Specifically, the Third Circuit held that
a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is “frivolous,” “malicious,” or “fails to state a claim” or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(l), 1915(e)(2)(B)®, 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.
Byrd, 715 F.3d at 126. With the first prong of its strike test, the Third Circuit left no doubt that courts must look not only at the procedural mechanism for dismissing a case, but also at the face of the dismissal to see if the dismissing court explicitly deemed the action frivolous, malicious, or failing to state a claim. Id. That is precisely what we are doing here.
This Court has advocated such an approach before — in Tolbert. There, we stated that a case “dismissed, in its entirety, upon a motion for judgment on the pleadings for failure to state a claim”— that is, pursuant to Civil Procedure Rule 12(c) — “would constitute a strike.... ” Tolbert, 635 F.3d at 654 n. 9. Notably, Civil Procedure Rule 12(c) includes neither the word dismiss nor the words “failure to state a claim,” and a Rule 12(c) dismissal may be based on grounds other than frivolousness, maliciousness, and failure to state a claim. See Fed.R.Civ.P. 12(c). If a Rule 12(c) dismissal can nevertheless constitute a strike — and we made plain in Tolbert that it can — it defies logic to suggest that a summary judgment dismissal, even if granted on the same basis, cannot.[5]
*616 C.
Turning, then, to the summary judgment dismissals at issue here, we must determine whether they explicitly state that the terminated actions were “dismissed on the grounds that [they were] frivolous, malicious, or fail[] to state a claim upon which relief may be granted....” 28 U.S.C. § 1915(g).
The four pertinent summary judgment dismissals contain, as Blakely concedes, “language characterizing the summary judgment dismissals] as [] strike[s] because ... [they are] ‘frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted.’ ” Appellant’s Br. at 20-21. Specifically, they state in relevant part that each respective action: should “be considered a ‘strike’ for purposes of the ‘three strikes’ rule set forth in 28 U.S.C. § 1915(g). This court holds that this case qualifies as a dismissal on the grounds that it is ‘frivolous, malicious, or fail[] to state a claim upon which relief may be granted!,]’ ” J-A. 210; and “qualifies as a dismissal on the grounds that it is ‘frivolous, malicious, or fails to state a claim upon which relief may be granted’ ” and thus is properly “classified] as a strike for purposes of 28 U.S.C. § 1915(g).” J.A. 246, 262, 299.
Blakely invites us to reopen these summary judgment dismissals. But the window for challenging the dismissals, which hail from 1999 and 2000, has long since closed, and they are, therefore, final. Cf. Henslee v. Keller, 681 F.3d 538, 541 (4th Cir.2012). We agree with the D.C. Circuit: “IFP motions present no occasion for relitigating final judgments. Thus, even though a court may believe that a previous court erred ..., all that matters for the purpose of counting strikes is what the earlier court actually did, not what it ought to have done.” Thompson, 492 F.3d at 438-39. See also, e.g., Smith v. Veterans Admin., 636 F.3d 1306, 1313 n. 3 (10th Cir.), cert. denied, — U.S. -, 132 S.Ct. 381, 181 L.Ed.2d 241 (2011) (same). Accordingly, we look at the face of each dismissal simply to determine whether it terminated an action explicitly “on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted....” 28 U.S.C. § 1915(g).
All four summary judgment dismissals explicitly state (with some minor, immaterial variation) that the “case qualifies as a dismissal on the grounds that it is ‘frivolous, malicious, or fails to state a claim upon which relief may be granted.’ ” J.A. 210. This language essentially mirrors Section 1915(g), stating that an action or appeal “dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted” constitutes a strike. 28 U.S.C. § 1915(g). This language is determinative, and Blakely’s summary judgments thus count as strikes.
Again relying on Tolbert, Blakely maintains that courts “should [not] attempt to discern the bases upon which a case was dismissed at summary judgment to determine if it is a strike.” Reply Br. at 5. And this Court shared Blakely’s judicial economy concern in Tolbert, in which we noted that “requiring] district courts to [ ] parse summary judgment orders and their supporting documents” to determine if the orders constituted strikes “would even further increase their workload, again straying far afield of the purpose of the PLRA.” Tolbert, 635 F.3d at 653 n. 7.
However, the plain language of the four summary judgment dismissals at issue here belies any such concern. These dismissals explicitly state on their face that Blakely’s actions were frivolous, malicious, or failed to state a claim. We fail to see *617 why it would be more difficult for a court to look at the face of a summary judgment dismissal, as opposed to the face of some other dismissal, to see whether there was an explicit determination that a dismissed action or appeal was frivolous, malicious, or failed to state a claim.[6] Moreover, we agree with the Third Circuit that looking to the face of a dismissal to see whether “the terms ‘frivolous,’ ‘malicious,’ or ‘fails to state a claim’ were ... used” is easily applied and “does not open the door to more litigation surrounding § 1915(g).” Byrd, 715 F.3d at 126. In other words, the bright-line approach we adopt today will help “preserve the resources of both the courts and the defendants in prisoner litigation.” Thompson, 492 F.3d at 438.[7]
Accordingly, we hold that if a summary judgment dismissal explicitly deems the terminated action frivolous, malicious, or failing to state a claim, then the summary judgment dismissal counts as a strike for Section 1915(g) purposes.[8] Because here, four summary judgment dismissals expressly stated that Blakely’s suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim for which relief could be granted, those dismissals constitute strikes and bar Blakely from proceeding in forma pauperis on appeal.[9]
III.
The nub of the majority’s and dissent’s disagreement is the term dismiss. The dissenting opinion suggests that “dismiss” has a “well-established legal meaning.” See post at 626. Yet while the dissent calls this “a lesson learned in the first year of law school,” the dissenting opinion fails to articulate what that “well-established legal meaning” is. Id. at 625-26.
At times the dissent seems to suggest that Civil Procedure Rule 12(b) is at the root of all “actual dismissals.” Id. at 626. Yet notably absent from Rule 12(b) is the word “dismiss” — let alone any indication that Rule 12(b) constitutes the sine qua non for actual dismissals. Fed.R.Civ.P. 12(b).
This failure to define the “well-established” term dismiss causes considerable confusion. Is a judgment on the pleadings a dismissal? In Tolbert, a unanimous pan *618 el writing for this Court certainly indicated that it is. 655 F.3d at 654 n. 9. Is a Rule 11 sanction of dismissal an “actual dismissal”? Post at 626. Or are the many courts that have styled Rule 11 sanctions as “dismissals” also simply “overbroad” and “imprecise” in their use of that term?[10] Post at 625.
The dissenting opinion cites to a collection of cases in A Jailhouse Lawyer’s Manual to support its contention that a case resolved on summary judgment is not “dismissed” and thus does not constitute a strike — a point allegedly so obvious that courts “simply have assumed as much.” Post at 625. But that source also cites to a case on all fours with our contrary view. In Davis v. Kakani, CIV.A. 06-13704, 2007 WL 2221402 (E.D.Mich. July 31, 2007), the court deemed a summary judgment dismissal for failure to state a claim'a strike for Section 1915(g) purposes, noting:
Although such a [summary judgment] dismissal does not seem to fall into the category of qualifying dismissals under section 1915(g), a review of the Magistrate Judge’s Report and Recommendation shows that the court found that Plaintiff had failed to state a claim upon which relief could be granted.... Accordingly, this dismissal was based on Plaintiffs failure to state a claim for relief and therefore qualifies as Plaintiffs third strike.
2007 WL 2221402, at *2.
Even more telling is the D.C. Circuit’s willingness to deem an appellate court’s affirmance a dismissal in Thompson. The D.C. Circuit made plain that it would view an affirmance “in which an appellate court expressly states that an appeal was frivolous” as a “constructive dismissal” “and, therefore, as a strike.” Thompson, 492 F.3d at 436. Following the D.C. Circuit’s logic in Thompson inescapably leads to the conclusion that a summary judgment dismissal stating that the matter is dismissed as frivolous, like an appellate affirmance stating precisely the same thing, is a dismissal and strike.
Ultimately, the dissenting opinion takes the position that with Section 1915(g), Congress was more concerned with the procedural mechanism for terminating cases that are frivolous, malicious, or fail to state a claim than the substantive reality that those cases were in fact terminated on the grounds that they were frivolous, malicious, or failed to state a claim. With this, we cannot agree.
Section 1915(g) as Congress passed it, the legislative intent underpinning it, and the precedent interpreting it all convince us that an action’s dismissal as frivolous, malicious, or failing to state a claim, and not the case’s procedural posture at dismissal, determines whether the dismissal constitutes a strike. Because Blakely has had more than three prior cases dismissed at summary judgment expressly as frivolous, malicious, or failing to state a claim, we deny his motion for reconsideration.
IV.
For the foregoing reasons, Blakely’s motion for reconsideration is denied.

DENIED.

. Because this Court specifically asked Blakely’s counsel to address whether certain orders constitute strikes, we similarly restrict the subject of our analysis here.

. We leave for another day the question of what standard should apply in determining how such discretion should be exercised.

. Whether a court rings the PLRA bell in its opinion or judgment order is immaterial, so long as the summary judgment dismissal is explicitly predicated on one of the three grounds enumerated in Section 1915(g).

. Blakely is not alone in his belief that summary judgment orders per se cannot constitute strikes for PLRA purposes. 3 Michael B. Mushlin, Rights of Prisoners § 17:35 (4th ed.2009), states that "[s]ince the statute only counts dismissals for the three specified reasons, dismissals for any other reason will not count as a strike. Thus, a summary judgment dismissal would not count as a strike.'' Notably, however, the case cited for that blanket proposition, Barela v. Variz, 36 F.Supp.2d 1254 (S.D.Cal.1999), is much more nuanced than the treatise suggests. In Barela, the court refused to deem actions previously dismissed on summary judgment strikes because "none of these claims were, strictly speaking, terminated because they were frivolous, malicious, or failed to state a claim.” Id. at 1259. The court went on to explain that one suit was dismissed at summary judgment “after extensive litigation and a successful appeal by Plaintiff to the Ninth Circuit.” Id. Another was dismissed on summary judgment because "Plaintiff failed to present sufficient evidence to survive summary judgment.” Id. And the third and final summary judgment order was dismissed for failure to state a claim only as to one of multiple defendants. The court "f[ound] it unfair to penalize Plaintiff for including a defendant against whom he could not state a cause of action.” Id. In other words, the Barela court, too, focused on whether the earlier cases were terminated because they were frivolous, malicious, or failed to state a claim and not on the procedural posture at termination.

. "Of course a summary-judgment motion” too "may be made on the basis of the pleadings alone, and if this is done it functionally is the same as a motion to dismiss for failure to state a claim or for a judgment on the pleadings.” 10A Wright & Miller, Federal Practice *616 & Procedure § 2713 (3d ed.2013) (footnotes omitted).

. There is no discernable difference between looking at the face of a summary judgment dismissal to see if it was granted for failure to state a claim and looking at a judgment on the pleadings to see if it was granted for that same exact reason. Neither task requires parsing; rather, both entail simply reading the pertinent judgments issued under rules with texts that do not include the word "dismiss.” Compare Fed.R.Civ.P. 12(c) with Fed. R.Civ.P. 56(a). Tolbert expressly embraced this approach as applied to judgments on the pleadings. 635 F.3d at 654 n. 9. Refusing to do precisely the same thing in the summary judgment context defies logic.

. The dissenting opinion suggests that looking at the face of summary judgment dismissals will require "time-intensive" inquiries and thus increase the burden on the courts. Post at 49. Yet under the dissenting opinion’s logic, litigants are free to file suits endlessly and with impunity so long as earlier suits that were terminated as frivolous, malicious, or for failing to state a claim were disposed of through a procedural mechanism other than Civil Procedure Rule 12(b)(6). That is surely not what Congress intended when it enacted Section 1915(g), and it surely will not lighten courts' loads.

. Inasmuch as Blakely accrued three qualifying strikes in the context of summary judgment, we confine our opinion to summary judgment dismissals.

. Blakely also makes various arguments as to why certain other orders should not be counted as strikes. Because our holding regarding the four summary judgment dismissals puts Blakely over Section 1915(g)'s three-strikes threshold, we need not, and therefore do not, address those other orders.

. See, e.g., Jimenez v. Madison Area Technical Coll., 321 F.3d 652 (7th Cir.2003); Green v. Dorrell, 969 F.2d 915 (10th Cir.1992); Combs v. Rockwell Int’l Corp., 927 F.2d 486 (9th Cir.1991).