WYNN, Circuit Judge,
concurring:
Not wholly unlike the issue we confronted in Blakely v. Wards, 738 F.3d 607, 617 (2013) (en banc), where the “nub of the majority’s and dissent’s disagreement [was] the term dismiss,” today, we disagree about whether dismissals and denials can be conflated for purposes of Certificates of Appealability.. Fittingly to this case, in Blakely our dissenting colleague viewed the word dismiss as having a very narrow and distinct definition “learned in the first year of law school.” Id. at 626 (Motz, J., dissenting). That narrow definition could be overcome neither by “imprecise common usage” nor by “an overbroad dictionary definition.” Id. Applying that sentiment here, there must be a distinction between “actual dismissals” and denials. Id. Otherwise, we run the risk of “improp *402 erly restricting] access to the courts.”- Id. at 624. With great respect to the dissenting view, I must therefore agree with the majority opinion.