**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6372**

NATHAN E. JACOBS,

            Plaintiff - Appellant,

      v.

MRS. SHELLY CARR, Case Manager,

            Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, District Judge. (2:16-cv-00001-JPB-MJA)

Submitted: January 12, 2017        Decided: February 7, 2017

Before GREGORY, Chief Judge, and MOTZ and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Nathan E. Jacobs, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathan E. Jacobs appeals the district court's order dismissing his Bivens[1] complaint. Because the district court incorrectly determined that Jacobs has three qualifying strikes under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g) (2012), we vacate the order of dismissal and remand.

In concluding that Jacobs had three strikes under the PLRA at the time he filed the subject complaint, the district court relied on Jacobs v. U.S.A. Supreme Court Clerk, Civ. Action No. 10-1332, 2010 WL 3123169 (D.D.C. Aug. 9, 2010) (unpublished); Jacobs v. Supreme Court of the United States, No. 10-5271, 2011 WL 2199975 (D.C. Cir. May 17, 2011) (unpublished) ("Supreme Court"); and Jacobs v. Holder, No. 4:10-cv-1544, 2010 WL 4449357 (N.D. Ohio Nov. 1, 2010) (unpublished). We conclude that the district court erred in finding that Supreme Court properly qualifies as a strike.

In Supreme Court, the U.S. Court of Appeals for the District of Columbia Circuit denied relief, stating that "[b]ecause the appropriate disposition is so clear, summary action is warranted." 2011 WL 2199975, at *1. However, the court did not reference § 1915 or explicitly state that Jacobs'

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

2

appeal was frivolous, malicious, or failed to state a claim for relief. In light of our decision in <u>Blakely v. Wards</u>, 738 F.3d 607 (4th Cir. 2013) (en banc), in which we emphasized the importance of the express language used by the adjudicating court, <u>id.</u> at 613-15, 617, we conclude that the language in <u>Supreme Court</u> does not evidence a PLRA strike.[2]

Accordingly, we vacate the order of dismissal and remand for further proceedings. We deny Jacobs' pending motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[2] A PACER search did not reveal any other action that could properly qualify as a strike against Jacobs.