PRESENT: Lemons, C.J., Goodwyn, Mims, Powell, Kelsey, McCullough, JJ., and Lacy, S.JJ.

CARL D. GORDON

v. Record No. 180162

OPINION BY
SENIOR JUSTICE ELIZABETH B. LACY
December 6, 2018

JEFFREY B. KISER, ET AL.

FROM THE CIRCUIT COURT OF WISE COUNTY
Chadwick S. Dotson, Judge

In this appeal we consider whether the circuit court erred in denying a motion for nonsuit, prospectively denying an inmate *in forma pauperis* status pursuant to Code § 8.01-692, and imposing a pre-service review with possible summary dismissal on the inmate's future filings.

FACTS AND PROCEEDINGS

Carl D. Gordon, an inmate at Red Onion State Prison, filed a complaint seeking injunctive relief to protect him from alleged unsanitary dental treatment by the prison's dental assistant. The circuit court granted Gordon *in forma pauperis* status on September 8, 2017. A summons and copy of the complaint were sent to the defendants, Prison Warden Jeffrey B. Kiser, Assistant Warden J. Artrip, and N. H. Scott, Deputy Director of Administration, Virginia Department of Corrections (collectively "the Warden") and a hearing was set for November 1, 2017.

On October 10, 2017, the Warden filed a demurrer, plea of sovereign immunity and motion to dismiss. In addition to asserting that the Warden was entitled to sovereign immunity, the Warden argued that Gordon's complaint failed to state a claim upon which relief could be granted, and that, in dismissing the complaint, the circuit court should include "an express finding" that the dismissal counted as a "strike" for purposes of Code § 8.01-692, which denies *in forma pauperis* status to prisoners who have had at least three cases dismissed for being

frivolous, malicious or for failure to state a claim. The Warden also asked that the circuit court order that any future complaint Gordon files be subject to pre-service review and possible summary dismissal.

Gordon filed a motion for temporary injunction on October 17. On October 23, he filed a motion for nonsuit and for a hearing on his motion. He also asked if the circuit court denied his nonsuit motion, that it grant an extension of 30 days from the date of denial so that Gordon could file a response to the Warden's demurrer, plea of sovereign immunity and motion to dismiss.

No hearing was held on November 1, but the circuit court entered an order on that date in which it granted the Warden's motion to dismiss, holding that Gordon failed to state a claim for injunctive relief because it was "merely speculative" and did not show irreparable harm and the lack of an adequate remedy at law. The circuit court also held that the dismissal in the present action constituted the fifth "strike" for purposes of Code § 8.01-692 and stated that the court "shall deny *in forma pauperis* status" to Gordon, unless in the future he could show that he was "'in imminent danger of serious physical injury at the time of filing his motion for judgment or the court determines that it would be manifest injustice to deny *in forma pauperis* status.'" The circuit court also reviewed a number of cases filed by Gordon and concluded that "[c]onsidering the frequent nature of this litigant's filings, as well as the ultimate disposition of those pleadings," a screening requirement of complaints allowing a pre-service, summary dismissal "would be appropriate in further claims filed by [Gordon] in this Court." The circuit court did not address Gordon's motions for a nonsuit or extension of time to respond to the Warden's motions. We granted Gordon's timely filed petition for appeal in this Court.[1]

---

[1] Appellate counsel represented Gordon pro bono for this appeal.

ANALYSIS

Gordon's 11 assignments of error fall into four categories: (1) error in denying Gordon's motion for nonsuit and holding that the complaint failed to state a claim and was frivolous; (2) error in imposing pre-service review with potential summary dismissal of future complaints filed by Gordon; (3) error in assessing "strikes" for purposes of Code § 8.01-692; and (4) error in failing to grant Gordon an extension of time to reply to the Warden's demurrer, plea of sovereign immunity and motion to dismiss. We will address these in order.

### 1. Motion for Nonsuit

The general rule in Virginia is that a plaintiff may take one nonsuit "as a matter of right" unless a motion to strike has been sustained, the jury has retired or "the action has been submitted to the court for decision." *INOVA Health Care Servs. v. Kebaish*, 284 Va. 336, 344 (2012); Code § 8.01-380(A). Gordon argues that in this case the matter had not been submitted to the court for decision at the time he filed his motion for nonsuit. We agree.

An action is submitted to the court for decision when "the parties, by counsel, . . . have *both* yielded the issues to the court for consideration and decision." *Transcon. Ins. Co. v. RBMW, Inc.,* 262 Va. 502, 514 (2001) (emphasis in original) (citing *Moore v. Moore,* 218 Va. 790, 795 (1978)). Citing *Anheuser-Busch Cos. v. Cantrell*, 289 Va. 318, 319 (2015) and *Wells v. Lorcom House Condominiums' Council of Co-Owners*, 237 Va. 247, 252 (1989), the Warden argues that his demurrer and motion to dismiss are dispositive motions for purposes of submitting the case to the court for disposition under Code § 8.01-380(A) and were filed before Gordon filed his motion for nonsuit. Therefore, the Warden concludes, Gordon was not entitled to take a nonsuit.

In the cases relied upon by the Warden, the motions at issue had been briefed and argued by both parties and "[n]either the parties nor the court anticipated any further proceedings," such as briefing and argument. *Anheuser-Busch Cos.,* 289 Va. at 319. Therefore, nothing further was necessary to submit the case to the court for disposition. Here, in addition to a November 1 hearing date, Gordon had not yielded the issues to the court for consideration because he specifically requested additional time to respond to the Warden's motions.

Based on these facts, we hold that because both parties had not submitted the issues to the circuit court for decision, the circuit court erred in denying Gordon's motion for a nonsuit. Accordingly, we will vacate that portion of the circuit court's judgment holding that the complaint was speculative and failed to establish irreparable harm and the lack of an adequate remedy at law.[2]

Gordon argues that if this Court concludes, as we have, that the circuit court erred in failing to grant his motion for nonsuit, we need not review the circuit court's judgment imposing prospective denial of *in forma pauperis* status or the pre-service review with potential summary dismissal of any future complaints because the circuit court would not have reached these issues had it granted the nonsuit. We disagree.

Courts have statutory and inherent power to "protect [their] jurisdiction from repetitious and harassing conduct that abuses the judicial process." *Adkins v. CP/IPERS Arlington Hotel LLC,* 293 Va. 446, 452-53 (2017); Code § 8.01-271.1 (providing that courts may sanction a lawyer or litigant for filing pleadings that are not well-grounded in fact and law or interposed to harass, cause unnecessary delay or needlessly increase litigation costs). A circuit court retains

---

[2] In light of this holding we need not address Gordon's Assignments of Error IV, V, and VI challenging the holding of the circuit court on the merits of his claim.

jurisdiction to consider a motion for sanctions of the type requested by the Warden either before it rules on the request for nonsuit or if it rules within 21 days of entry of a final order in the case. *Williamsburg Peking Corp. v. Xianchin Kong,* 270 Va. 350, 355 (2005); *see also Johnson v. Woodard*, 281 Va. 403, 409 (2011) (demonstrating that a circuit court may consider and rule on a motion for sanctions filed after entry of a nonsuit order). Here, even if the circuit court had granted Gordon's motion for nonsuit, it would have retained jurisdiction to rule on the sanctions request for 21 days after entry of the nonsuit order. Because the circuit court imposed the sanctions contemporaneously with entry of its judgment order, the rulings were timely. Therefore, we reject Gordon's suggestion that we need not review the circuit court's ruling on the sanctions request.

### 2. Pre-Service Review and Summary Dismissal

In *Adkins*, we reaffirmed a court's inherent authority to protect its jurisdiction from harassing conduct that abuses the judicial process, while acknowledging that restricting the ability of a litigant to access the court system is a drastic remedy that should be used sparingly. 293 Va. at 452. In that case, we adopted the four-factor test established in *Cromer v. Kraft Foods North America, Inc.,* 390 F.3d 812 (4th Cir. 2004), in deciding whether such a remedy was appropriate. The four factors to be considered are (1) the party's history of litigation and whether the party has filed vexatious, harassing or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation or simply intended to harass; (3) the extent of the burden on the courts and parties; and (4) the adequacy of alternative sanctions. *Adkins,* 293 Va. at 452. After applying these factors, we concluded that imposing a pre-filing injunction against Adkins that required she obtain an attorney to file any petition for appeal, motion or other pleading or that she obtain leave of court to file any *pro se* pleading was appropriate. *Id.*

5

In this case, the Warden asked the circuit court to impose on Gordon a sanction which would limit his access to that court.  Specifically, the Warden asked the circuit court to impose a requirement that any future complaints filed in the court would be reviewed and subject to pre-service, summary dismissal.  The circuit court imposed this sanction, stating that "[c]onsidering the frequent nature of this litigant's filings, as well as the ultimate disposition of those pleadings, this Court finds that such a sanction would be appropriate."

The circuit court's analysis arguably addressed the first factor of the four-factor test adopted in *Adkins*.  The circuit court's order however does not demonstrate consideration or analysis of the remaining three factors.  Accordingly, we will vacate the circuit court's imposition of the pre-service review and possible summary dismissal on any future complaints Gordon might file in that court and remand the matter for consideration of the four-factor test adopted in *Adkins*.

### 3.  Application of Code § 8.01-692

Code § 8.01-692 provides:

> The court shall deny in forma pauperis status to any prisoner who has had three or more cases or appeals dismissed by any federal or state court for being frivolous, malicious, or for failure to state a claim, unless the prisoner shows that he is in imminent danger of serious physical injury at the time of filing his motion for judgment or the court determines that it would be manifest injustice to deny in forma pauperis status.

In this case, the circuit court stated that Gordon "has had at least four claims dismissed in state and federal court for failure to state a claim, including one in which the court found the complaint to be frivolous."  The circuit court cited the following four cases:  *Gordon v. Collins,* Civil Action No. 7:13cv00249, 2014 U.S. Dist. LEXIS 129848 (W.D. Va. Sept. 17, 2014) (unpublished); *Gordon v. Mullins*, Civil Action No. 7:12cv00494, 2014 U.S. Dist. LEXIS 37639 (W.D. Va. Mar. 20, 2014) (unpublished); *Gordon v. Commonwealth*, CL09-021 (Wise County,

6

Mar. 2, 2009); *Gordon v. Commonwealth*, CL06-568 (Wise County, Oct. 26, 2006). The circuit court then declared that dismissal of the instant case constituted the "fifth strike" and applied Code § 8.01-692 to Gordon.

Gordon asserts that three of the four cases cited by the circuit court to support the application of Code § 8.01-692 did not qualify as cases dismissed as frivolous, malicious or for failure to state a claim. Relying on the federal cases of *Tolbert v. Stevenson*, 635 F.3d 646 (4th Cir. 2011) and *Blakely v. Wards,* 738 F.3d 607 (4th Cir. 2013), Gordon argues that, with the exception of *Gordon v. Commonwealth,* CL06-568,[3] the cases cited either did not dismiss all defendants for failure to state a claim (*Gordon v. Collins*), or did not dismiss all claims raised in the case for failure to state a claim, or dismissed some on a summary judgment motion based on the merits (*Gordon v. Mullins, Gordon v. Commonwealth,* CL09-021).

In *Tolbert*, the Fourth Circuit concluded that the plain language of 28 U.S.C. § 1915(g) providing that "an action or appeal" that was dismissed for one or more of the stated reasons in order to qualify as a "strike" for purposes of the statute unambiguously meant that "an entire case or suit" must be dismissed on a ground enumerated in the statute.[4] Except for the fact that Code

---

[3] In case number CL06-568, the circuit court found that Gordon's complaint "was frivolous and failed to state a claim. Thus, the Plaintiff is assessed a 'strike' under Virginia Code § 8.01-692 . . . and this case is hereby DISMISSED."

[4] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

7

§ 8.01-692 uses the term "case" rather than "action" it is substantially identical to 28 U.S.C. § 1915(g).

We have not previously considered whether, to qualify as a "strike" under Code § 8.01-692, all claims and all defendants must be dismissed on the grounds that the claims were frivolous, malicious or did not state a claim. Like the Fourth Circuit in *Tolbert*, we find the answer in the plain meaning of the word "case." That word is unambiguous. Its plain meaning includes all claims asserted in the proceeding. Therefore, to qualify as a "strike" for purposes of Code § 8.01-692, all claims and all defendants – the entire case – must be dismissed for one or more of the reasons identified in the statute.

Similarly, we have not considered whether a case dismissed on a motion for summary judgment can qualify as a "strike" for purposes of Code § 8.01-692. The Fourth Circuit Court of Appeals addressed that issue in *Blakely*. The majority of the Fourth Circuit, sitting en banc, determined that the plain meaning of the word "dismiss" as used in 28 U.S.C. § 1915(g) means "to terminate (an action or claim) without further hearing, esp[ecially] before the trial of the issues involved." 738 F.3d at 611 (citing Black's Law Dictionary, 1573 (9th ed. 2009)). That is precisely what a summary judgment dismissal does; it terminates a case without a trial. In the federal court system, summary judgments terminating actions are routinely referred to as dismissals. *Id.* The Court also noted that when a summary judgment motion is made on the basis of the pleadings alone "it functionally is the same as a motion to dismiss for failure to state a claim or for a judgment on the pleadings." *Id.* at 615, n.5 (citation omitted). As expressed by the Fourth Circuit, "an action's dismissal as frivolous, malicious, or failing to state a claim, and not the case's procedural posture at dismissal, determines whether the dismissal constitutes a strike." *Id.* at 618. The Fourth Circuit concluded that a "summary judgment dismissal stating on

8

its face that the dismissed action was frivolous, malicious, or failed to state a claim counts as a strike for purposes of [28 U.S.C. § 1915(g)]." *Id.* at 613.

We find the reasoning in *Blakely* persuasive. Code § 8.01-692, like the federal statute, was enacted "to control the volume of prisoner lawsuits overburdening the resources of the . . . courts," *Tolbert*, 635 F.3d at 653, and to "reduce the number of frivolous lawsuits," *Blakely,* 738 F.3d at 609. We agree with the Fourth Circuit that the word "dismiss" does not limit qualification of a case as a "strike" based on the procedural posture of the case. Rather, a dismissal entered on a motion for summary judgment may qualify as a "strike" if, on the face of the order, it is clear that the dismissed case was frivolous, malicious or failed to state a claim.

We now turn to the cases challenged by Gordon to determine if, on the face of the orders, it is clear that the entire case, including all defendants and claims, were dismissed for any reason enumerated in Code § 8.01-692.

a. *Gordon v. Collins*

*Gordon v. Collins* was a civil rights action that Gordon filed pursuant to 42 U.S.C. § 1983, in which he alleged that the defendants failed to provide him with adequate dental treatment, retaliated against him, and denied him equal protection. Defendant Collins filed a motion to dismiss and defendant Wright filed a motion for summary judgment. 2014 U.S. Dist. LEXIS 129848, at *1. The case was decided on the pleadings. In stating the standards of review, the federal district court recited that the factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at *9 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)), to survive a motion to dismiss and that in a summary judgment, the non-moving party must make a showing "sufficient to establish the existence of an element essential to that party's case." *Id.* at *11 (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).

9

With regard to Gordon's medical treatment claim, the federal district court, after reciting the facts alleged, stated that "Gordon has not demonstrated that Dr. Collins acted with deliberate indifference and, thus, he fails to state a constitutional claim. Accordingly, I will grant Dr. Collins' motion to dismiss this claim." *Id.* at *16.

Continuing with regard to Gordon's claim against Wright, the federal district court again stated that "Gordon has not demonstrated that he suffered a 'substantial harm' as a result of the delay. Therefore, Wright was not deliberately indifferent regarding Gordon's dental treatment and, thus, Wright is entitled to summary judgment as to this claim." *Id.*

Gordon's medical treatment claims against both defendants were dismissed because the allegations failed to "demonstrate" essential elements of the claims – allegations sufficient to support a claim of deliberate indifference as to Dr. Collins, and allegations sufficient to state "substantial harm" as to Wright. The medical treatment claims against the defendants were therefore dismissed because Gordon failed to state a claim against them.

In dismissing Gordon's claim of retaliation, the federal district court stated that "Gordon's conclusory allegations of retaliation fail to state a claim on which relief may be granted and, therefore, I will grant defendants' motions as to this claim." *Id.* at *17. Similarly, the federal district court dismissed Gordon's equal protection claim, stating that "Gordon's allegations do not demonstrate that the defendants treated him differently from other inmates with whom he was similarly situated or that any unequal treatment was the result of intentional or purposeful discrimination. Therefore, Gordon has not stated a constitutional claim and I will grant defendants' motions as to this claim." *Id.* at *19.

All three claims against both defendants in this case were dismissed on the face of the order because Gordon's allegations failed to show one or more essential elements of the claims

10

and therefore did not state a claim. Accordingly, we cannot say the circuit court in the present action erred in relying on this case as a "strike" for purposes of Code § 8.01-692.

b. *Gordon v. Mullins*

*Gordon v. Mullins* was also a civil rights action filed pursuant to 42 U.S.C. § 1983. Gordon claimed the defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1 *et seq.*, and his constitutional rights when the defendants confiscated 37 books as excess property while Gordon was an inmate at the Red Onion State Prison. 2014 U.S. Dist. LEXIS 37639, at *1. He raised seven specific counts. The case was decided on Gordon's pleading, the defendants' motion for summary judgment and Gordon's response. *Id.*

In considering the motion for summary judgment, the federal district court again recited that the non-moving party must make a showing "sufficient to establish the existence of an element essential to the party's case." *Id.* at *10 (quoting *Celotex,* 477 U.S. at 322). The court also recognized that the trial judge has an "'affirmative obligation' to prevent 'factually unsupported claims and defenses' from 'proceeding to trial.'" *Id.* (quoting *Celotex,* 477 U.S. at 317).

The federal district court used similar language in granting the defendants' motion for summary judgment in virtually all of Gordon's claims of violations of RLUIPA and violations of his constitutional rights and in each claim Gordon's allegations were insufficient to state a claim:

- Validity of Book Limit Policy – "Gordon does not allege or demonstrate that any of the named defendants were personally responsible for the establishment or implementation of the policy. Accordingly, I will grant defendants' motion for summary judgment as to these claims." *Id.* at *15.

- Exchanging Books – "I find that Gordon's allegations do not establish a constitutional or RLUIPA violation, and therefore, will grant summary judgment as to these claims." *Id.* at *15-21.

11

- Sending Books to Quest – "I find that Gordon has failed to allege a constitutional violation and, therefore, will grant summary judgment as to these claims." *Id.* at \*21-22.

- Grievances – "Gordon has no constitutional right to have or utilize the grievance procedure, and has alleged nothing suggesting a violation of his equal protection or due process rights in the operation of existing grievance procedures . . . . Accordingly, I will grant defendants' motion for summary judgment as to these claims." *Id.* at \*24.

- Retaliation – "I find that Gordon's conclusory allegation of retaliation fails to state a claim, and, therefore, will grant defendants' motion for summary judgment as to this claim." *Id.* at \*26.

- Equal Protection – "Gordon has not demonstrated that the alleged disparate treatment was the result of intentional or purposeful discrimination. There is simply nothing in the record to suggest an improper motive for the confiscation and Gordon's subsequent treatment."[5] *Id.* at \*29.

- Conspiracy – "I find that Gordon's allegations are insufficient to support a constitutional claim and, therefore, will grant summary judgment on this claim." *Id.* at \*30.

As illustrated above, this summary judgment order states on its face that Gordon failed to state a claim in each claim and against all defendants. Therefore, the circuit court in the present action did not err in treating *Gordon v. Mullins* as a "strike" for purposes of Code § 8.01-692.

Because Gordon has had three cases that qualify as a "strike" under Code § 8.01-692 – *Gordon v. Commonwealth,* CL06-568, *Gordon v. Collins,* and *Gordon v. Mullins* – the circuit

---

[5] Gordon asserts that because the federal district court based its finding on the "record," the finding is on the merits and not a dismissal for failure to state a claim. We disagree. The case was decided on the pleadings. In deciding this issue, the federal district court again recited that a plaintiff must "set forth 'specific, non-conclusory factual allegations that establish improper motive' . . . and that "[m]ere conclusory allegations of discrimination are insufficient to state a claim.'" 2014 U.S. Dist. LEXIS 37639, at \*27-28 (citations omitted). In this context, the "record" consisted of Gordon's pleadings which, like his other claims, did not contain sufficient allegations to state an equal protection claim.

court did not err in stating that it would deny Gordon *in forma pauperis* status, unless in future claims he "'shows that he is in imminent danger of serious physical injury at the time of filing his motion for judgment or the court determines that it would be manifest injustice to deny *in forma pauperis* status.'"[6]

### 4. Motion for Extension of Time

Finally, Gordon argues that the circuit court abused its discretion in failing to grant him an extension of time to file a response to the Warden's pleadings.[7] To support his request for an extension of time, Gordon argued that he did not receive the Warden's demurrer, plea of sovereign immunity and motion to dismiss until October 16, 2017, that he had another pleading to prepare for a federal case he had filed, and that he could not get the response to the circuit court before the next prison mailing on October 22 or 23. Yet, between October 16 and October 23, Gordon was able to draft and file a motion for nonsuit, a hearing and extension of time, objections and motion to compel (filed October 23), and a memorandum in support of his motion for nonsuit, hearing and extension of time, which did contain responses to the Warden's demurrer, plea of sovereign immunity and motion to dismiss, and an exhibit to his memorandum (filed October 27).

Based on this record, we cannot say the circuit court abused its discretion in failing to grant Gordon an extension of time to respond to the Warden's pleadings.

---

[6] In light of this holding that Gordon has accrued three qualifying "strikes," we need not address the fourth case cited by the circuit court.

[7] A hearing had been set for November 1. Gordon did not ask for a continuance.

CONCLUSION

For the reasons stated, we will affirm that portion of the circuit court's judgment denying Gordon prospective *in forma pauperis* status under Code § 8.01-692 because he has had at least three cases dismissed for failure to state a claim; we will vacate that portion of the judgment imposing pre-service review and summary dismissal on any future complaints Gordon might file in the Wise County Circuit Court and remand this portion of the judgment for the circuit court's consideration of the four-factor test established in *Adkins*; and we will vacate that part of the circuit court's judgment holding that the complaint was speculative and failed to establish irreparable harm and the lack of an adequate remedy at law and remand the case for entry of an order of nonsuit.

*Affirmed in part,*
*vacated in part,*
*and remanded.*

14